840 So.2d 1109 (2003)
SOUTHERN COATINGS, INC., Petitioner,
v.
The CITY OF TAMARAC, Mayor Joe Schrieber, Commissioner Karen Roberts, Commissioner Marc Sultanof, Commissioner Edward Portner and Commissioner Gertrude Mishkin, Respondents.
No. 4D02-4710.
District Court of Appeal of Florida, Fourth District.
March 19, 2003.
*1110 Rosemary H. Hayes and Tina L. Caraballo of Hayes & Associates, Orlando for petitioner.
Christine M. Duignan and E. Bruce Johnson of Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, for respondents.
PER CURIAM.
We sua sponte withdraw our opinion issued February 5, 2003 and substitute the following.
Petitioner, Southern Coatings, Inc., the plaintiff below, seeks relief barring Broward County Circuit Court Judge Leroy H. Moe from continuing to preside over a hearing set on defendants' entitlement to and award of sanctions against petitioner's attorney. Previously Judge Moe had granted petitioner's motion for disqualification as to the case-in-chief. We grant the petition.
Florida Rule of Judicial Administration 2.160(f) provides in pertinent part that ("[i]f the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action") (emphasis added). It was improper for the trial court to retain jurisdiction, without the parties' agreement, to prospectively hold a hearing as to one issue in the case after disqualifying himself as to the balance of the case. See CH2M Hill S.E., Inc. v. Pinellas County, 598 So.2d 85, 88 (Fla. 2d DCA 1992) (holding that where the trial court proceeded in the case for several days prior to denying motion for disqualification presented in midst of trial, the judge's actions exceeded the proper scope of his inquiry, it was error for him to continue in the case, and a new trial was required); Airborne Cable Television, Inc. v. Storer Cable TV of Fla., Inc., 596 So.2d 117, 117-18 (Fla. 2d DCA 1992) (holding that the trial court should not have ruled on pending motion for attorney's fees after defendant filed motion for disqualification, which was before judge had indicated how he would determine fee issue; the subsequent entry of fee order could not be deemed a ministerial act fulfilling earlier ruling); State ex rel. Cobb v. Bailey, 349 So.2d 849, 850 (Fla. 1st DCA 1977) (holding that trial court lacked authority to conduct contempt hearing nearly a month after recusing itself). Cf. Fischer v. Knuck, 497 So.2d 240 (Fla.1986) (holding trial court retained authority to reduce order to writing subsequent to filing of motion for disqualification, where matters were tried and orally ruled upon prior to filing of motion); Coastal Petroleum Co. v. Mobil Oil Corp., 378 So.2d 336, 337 (Fla. 1st DCA 1980) (holding that trial judge who had recused himself as to issues severed and not yet tried had the authority to enter final judgment on certain issues when he specifically *1111 reserved jurisdiction to rule on those matters previously tried).
The petition for writ of prohibition is granted and the motion in question should be heard instead by the successor judge who is handling the balance of the case.
FARMER, SHAHOOD and GROSS, JJ., concur.