KLEIN, J.
The trial court discharged the petitioner as the personal representative of an estate after discovering that he was a disbarred attorney and convicted felon. Convicted felons are not legally qualified to act as personal representatives. § 733.303(l)(b), Fla. Stat. (2002). The court also issued an order for petitioner to show cause why he had not committed a fraud, and indicated that it had no faith in petitioner’s Credibility-
Petitioner then moved to disqualify the court and the court granted the motion in part, disqualifying itself only from the proceeding on the order to show cause. Petitioner argues that the court should have granted the motion as to the entire proceeding.
Florida Rule of Judicial Administration 2.160(f) provides that if a motion for disqualification is legally sufficient, it must be granted and the judge shall “proceed no further in the action.” S. Coatings, Inc. v. City of Tamarac, 840 So.2d 1109 (Fla. 4th DCA 2003)(judge who granted motion for disqualification as to the case could not subsequently preside over a hearing on sanctions against counsel).
We construe the rule to mean that when the motion seeks to disqualify the judge from the entire case, it cannot be granted in part, as was done in this case. Even if the rule did not preclude a partial granting of this motion, we would still be required to grant relief because petitioner’s involvement in this case will not end with his removal as personal representative and the ruling on whether he perpetrated a fraud on the court. Petitioner, while he was personal representative, distributed assets, and these distributions are being questioned. In addition, petitioner is a beneficiary of the estate.
We therefore grant the petitions.
POLEN and MAY, JJ., concur.