916 So.2d 19 (2005)
SOUTHERN COATINGS, INC., Appellant,
v.
CITY OF TAMARAC, Mayor Joe Schrieber, Commissioner Karen Roberts, Commissioner Marc Sultanof, Commissioner Edward Portner and Commissioner Gertrude Mishkin, Appellees.
No. 4D04-3066.
District Court of Appeal of Florida, Fourth District.
November 2, 2005.
*20 Rosemary H. Hayes and Tina Caraballo of Hayes & Caraballo, PL, Orlando, for appellant.
E. Bruce Johnson, Jeffrey L. Hochman and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellees.
STONE, J.
We reverse, in part, a final summary judgment entered in favor of the city and city commissioners of Tamarac (City), insofar as it relates to Southern Coating (Southern)'s claims under the Public Records Act, chapter 119, Florida Statutes. We affirm that portion of the judgment addressing Southern's claims under the government in the sunshine law. The judgment follows protracted litigation between the parties in state and federal court.
In April 2001, Southern filed its first suit, alleging, inter alia, violation of the Public Records Act. City removed the action to federal court as the complaint included federal claims. Southern ultimately filed a voluntary dismissal.
In May, Southern filed a second case in state court, alleging, inter alia, a violation of the Public Records Act and sought a writ of mandamus. The trial court denied Southern's mandamus request. Southern then sought certiorari relief in this court regarding the denial of the writ of mandamus, and this court dismissed the petition.
The trial court ultimately granted Southern's public records request, giving City three weeks to comply. Southern's attorney went to City's building department and reviewed documents, and City also provided copies of documents Southern requested.
Southern, however, took issue with City's request for cost reimbursement for locating files and with regard to specific permit files that were represented as checked out from City. Southern filed an amended complaint in November 2001, again reiterating its public records claim. The complaint included a count claiming *21 violation of Florida's Government in the Sunshine Law, section 286.011, Florida Statutes.
As the amended complaint was based, in part, on federal law claims, City removed the action to federal court. The federal court declined to exercise supplemental jurisdiction over the Florida public records and sunshine law claims and dismissed the complaint. The federal court ultimately dismissed Southern's case with prejudice after Southern failed to amend the complaint in that court.
Southern then filed the instant suit in July 2002. The trial court held an evidentiary hearing pursuant to section 119.11, Florida Statutes, on the public records claim. At the hearing, City claimed that it did not have the original documents in its possession and was, therefore, not in violation. The record does not reflect that the trial court ever entered an order based on that evidentiary hearing. The court subsequently denied Southern's motion for partial summary judgment on its public records claim.
A status conference was subsequently held, after which the trial court granted City's motion for summary judgment on the sunshine law claim. Additionally, notwithstanding that there was no pending motion for summary judgment on the public records claim, the trial court, sua sponte, entered summary judgment in favor of City on that count, determining that it was barred by res judicata.
When a case involves a prior federal court judgment, Florida courts apply principles of federal claim preclusion in determining whether the Florida claim is res judicata. Dalbon v. Women's Specialty Retailing Group, 674 So.2d 799, 801 (Fla. 4th DCA 1996). We conclude, applying federal law, that the trial court erred in rejecting the public records claim on the basis of res judicata. The federal district court's decision rejecting pendent jurisdiction and its dismissal of the case did not bar a subsequent suit in state court.
In granting summary judgment to City on the public records claim, the trial court relied on Florida res judicata preclusion principles as articulated in Reynolds v. Reynolds, 117 So.2d 16 (Fla. 1st DCA 1959). However, this reliance was in error since, as recognized in Dalbon, Florida courts are bound by federal court res judicata preclusion principles where a prior federal court decision is involved. Pursuant to federal res judicata preclusion principles, the federal court's dismissal without prejudice of Southern's state law pendent claims is not a judgment on the merits and, therefore, not res judicata. In construing the federal court requirements for res judicata, this court has held that
[A] district judge's decision to dismiss pendent state law claims ... would not be understood by the federal courts as a decision on the merits of those state claims. The federal court would have been competent to decide them only if the plaintiff had asked the court to do so and the court, in its discretion, agreed to assume jurisdiction over them.
Andujar v. National Prop. & Cas. Underwriters, 659 So.2d 1214, 1218 (Fla. 4th DCA 1995). See also Management Investors v. United Mine Workers of America, 610 F.2d 384 (6th Cir.1979) (holding that a federal court's dismissal of state claims without prejudice is not res judicata as to adjudication in either state or federal courts).
The Supreme Court's ruling in Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), is instructive in determining if the dismissal with prejudice is res judicata. In that case, the Court held that under Federal Rule of Civil Procedure 41, Dismissal of Actions, a dismissal with prejudice, while operating as an "adjudication on the merits," merely means *22 that the case is res judicata only as to the dismissing court, but not sufficient to constitute res judicata in other courts. Id. at 506, 121 S.Ct. 1021.
Because the court's summary judgment was based on res judicata, we reverse and remand for further proceedings on the public records claim. We need not address the validity of a summary judgment entered sua sponte. As to all other issues raised on appeal, we find no reversible error or abuse of discretion and affirm.
GROSS, J., and SCOLA, JACQUELINE, Associate Judge, concur.