943 So.2d 948 (2006)
SOUTHERN COATINGS, INC., Appellant,
v.
The CITY OF TAMARAC, Mayor Joe Schreiber, Vice-Mayor Marc Sultanof, Commissioners Gertrude Mishkin, Edward Portner and Karen Roberts, Appellees.
No. 4D05-4479.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
*949 Rosemary Hanna Hayes and Tina L. Caraballo of Hayes & Caraballo, PL, Orlando, for appellant.
Jeffrey L. Hochman and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee.
WARNER, J.
An attorney challenges the imposition of an order awarding attorney's fees based upon the inherent power of the court to sanction attorneys for egregious conduct. She contends that she was entitled to a hearing on the matter involving the sanction before the successor judge, based upon this court's issuance of a writ of *950 prohibition to prevent the original judge on the case from proceeding to determine the sanctions. While we disagree with her on the necessity of a hearing, in this case the successor judge offered to rehear the matter but did not provide reasonable notice and opportunity to be heard. We therefore reverse and remand for a properly noticed hearing on the sanctions.
The protracted litigation in this case has already resulted in two published opinions from this court: Southern Coatings, Inc. v. City of Tamarac, 840 So.2d 1109 (Fla. 4th DCA 2003) ("Southern I") and Southern Coatings, Inc. v. City of Tamarac, 916 So.2d 19 (Fla. 4th DCA 2005) ("Southern II"). Essentially, the dispute involves attempts by Southern to obtain public records from the City of Tamarac. Two prior suits were filed against the City and its commissioners, but both were dismissed before the filing of the suit underlying this appeal.
The litigation conduct drawing sanctions from the court involved the attempts by Southern's attorney, Rosemary Hayes, to take the depositions of the defendants, the city commissioners of Tamarac. Shortly after this third lawsuit was filed, the commissioners were subpoenaed for deposition. Defense counsel moved for a protective order against the taking of the depositions. When the commissioners did not appear at the deposition, Southern's counsel had each of the commissioners personally served with a document entitled "Motion and Notice of Hearing  Indirect Civil Contempt." This was done during a City Commission meeting. That notice informed the defendants that they would be subject to arrest if they failed to appear at a deposition. The defendants were instructed to call Southern's attorney directly to set a time for the deposition. The depositions were taken a few days later. Judge Moe subsequently entered an order quashing the subpoenas, but this was done only after the commissioners had been personally served and their depositions had been taken.
Defense counsel filed a motion to disqualify Ms. Hayes from representation or for sanctions because of "motion and notice of hearing for indirect civil contempt." Defense counsel termed her conduct egregious both because of the direct contact with represented defendants, contrary to Bar rules, and for the intimidating nature of the notice, which threatened the defendants with arrest. Judge Moe heard the motion in September 2002, and Ms. Hayes explained that she used a form she obtained in a Continuing Legal Education class approved by the Florida Bar. She also believed that she had to serve the defendants directly to obtain the relief she sought. The judge did not find her explanation sufficient. He found the service of the motion with its coercive language was in bad faith. Based upon his findings, he determined to sanction the attorney by requiring her to pay attorney's fees incurred by the defendants. However, the judge did not disqualify Ms. Hayes from representing her client. The judge entered a written order granting the defendants' motion for sanctions and also set a hearing on the amount of the sanctions.[1]
After the order of sanctions was entered, Southern moved to disqualify Judge Moe. He entered an order recusing himself *951 as to all matters except the determination of the amount of sanctions. Southern brought a petition for writ of prohibition to this court to prevent Judge Moe from continuing to preside on the matter of sanctions. This court agreed it was improper for him to retain jurisdiction on any issue in the case, once he recused himself. Southern I, 840 So.2d at 1110-11. We granted the writ and ordered that "the motion in question" should be heard by the successor judge, Judge Fleet.
Southern filed a timely motion for the successor judge to reconsider Judge Moe's rulings on the motion for sanctions. It does not appear that there was any actual ruling on this motion until summary judgment was granted on the underlying claims in favor of the defendants. In the order granting summary judgment, the court did not specifically refer to the sanction finding of Judge Moe, but stated that there was justification to award sanctions under section 57.105, Florida Statutes. It retained jurisdiction to determine the nature and amount of sanctions upon proper motion.
After that order, the defendants moved for entry of an order imposing attorney's fees as a result of the litigation conduct. In their motion, the defendants argued that the summary judgment had effectively been an affirmation of Judge Moe's findings with respect to their entitlement to attorney's fees. The defendants also attached affidavits of their attorney's fees. Southern responded and argued, in part, that no hearing had been held or evidence taken on the issue of entitlement to sanctions.
At the hearing, the court first noted that it had made an independent review of the record and "affirmed" Judge Moe's finding with respect to sanctions. The defendants relied on Judge Moe's findings on entitlement. After much discussion and argument from Ms. Hayes that she had never had an opportunity for a hearing on the issue, Judge Fleet changed his mind and determined that instead of relying solely on Judge Moe's findings, he would hear evidence on the issue of entitlement  that is, he would reconsider the issue of the conduct giving rise to the sanctions. At that point, Ms. Hayes noted that she was unprepared to address Judge Moe's findings because it was not set for a hearing. Only the defense motion had been set, and that requested a determination of the amount of attorney's fees. Believing that the motion raised both issues, the court continued with the hearing and took testimony regarding the amount of attorney's fees. The order on the motion determined the amount of attorney's fees and reaffirmed the findings of Judge Moe as contained in the transcript of the sanctions hearing.[2] Southern appeals this order.
Southern first contends that Judge Fleet's order is contrary to our appellate mandate in Southern I which required that the "motion" proceed before the successor judge. However, we were considering an order in which Judge Moe had recused himself but reserved jurisdiction to determine the amount of the sanctions. We granted the writ on the ground that a judge could not continue to retain jurisdiction in any case in which the judge has recused himself. We did not quash the prior order determining entitlement to sanctions. Thus, Judge Fleet did not depart from our appellate mandate.
*952 Instead, the proper procedure for reconsideration of an order entered by a recused judge is set forth in rule 2.330(h), Florida Rules of Judicial Administration, which provides:
Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.
Here, Southern did file a motion for reconsideration. Thus, the rule would have permitted the successor judge to reconsider the issue of entitlement to sanctions, but the appellate mandate did not, in and of itself, require Judge Fleet to reconsider the issue.
Some three years after the original order of Judge Moe, defense counsel moved to assess attorney's fees as the sanction. Both before and during the hearing, Ms. Hayes objected that the court was required to reconsider Judge Moe's ruling and hear evidence on the issue. While Judge Fleet at first determined that he would not reconsider Judge Moe's rulings, he then reversed himself and determined that he would hear evidence on the entire matter. Unfortunately, his complete reversal of position and requirement that Ms. Hayes present her defense to sanctions at that hearing came without notice. The motion to be heard did not ask the court to determine entitlement but informed the court of Judge Moe's rulings and surmised that Judge Fleet had adopted Judge Moe's rulings by the language used in the summary judgment.
The inherent authority of the trial court to assess attorney's fees against an attorney carries with it an obligation to provide due process. See Moakley v. Smallwood, 826 So.2d 221, 226-27 (Fla. 2002). Accordingly, such a sanction is appropriate only after notice and an opportunity to be heard. Id. at 227. While Judge Fleet had no obligation to reconsider Judge Moe's finding of entitlement to sanctions, once he agreed to reconsider the issue, he was required to provide notice and an opportunity to be heard. Because Ms. Hayes did not receive notice that the issue of entitlement would be addressed at the hearing as to the amount of sanctions, she had no meaningful opportunity to prepare and present evidence on the issue of entitlement.
We therefore reverse the order of the trial court without prejudice to the court reconsidering the issue of entitlement to sanctions after Ms. Hayes has been afforded proper notice and an opportunity to be heard.
Reversed.
STEVENSON, C.J., and TAYLOR, J., concur.
NOTES
[1] Contrary to representations of Southern's counsel in this appeal, Judge Moe's decision to impose sanctions had nothing to do with any violation of Judge Moe's order quashing the subpoenas. The conduct drawing the sanctions occurred prior to that order. Accordingly, the issue of the assistant county attorney's involvement in preparing a proposed order quashing the subpoenas without notice to Southern does not appear relevant to the issue of whether Ms. Hayes engaged in litigation conduct warranting sanctions.
[2] It is clear that this order imposing sanctions was based upon Ms. Hayes' conduct in having the commissioners personally served during a City Commission meeting. This sanctions order was not based upon a finding of res judicata that was rejected in Southern II, in which this court partially reversed the final summary judgment entered by Judge Fleet.