# Third District Court of Appeal
## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1029
Lower Tribunal No. 18-12194
_____

**Paulo Cesar Mantegazza Pomelli, et al.,**
Appellants,

vs.

**Paola Mantegazza Pomelli, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Law Offices of Kravitz & Guerra, P.A., and Lidice Diaz, for appellants.

Nelson Mullins Broad and Cassel, Kimberly J. Freedman, Amy Steele Donner, and Erin K. Kolmansberger, for appellee Paola Mantegazza Pomelli.

Before FERNANDEZ, C.J., and LOGUE, and BOKOR, JJ.

FERNANDEZ, C.J.

Paulo Cesar Mantegazza Pomelli ("the Husband") filed this interlocutory appeal of the following trial court orders: 1) the order granting Paula Mantegazza Pomelli's ("the Wife") motion for section 57.105 sanctions against the Husband, and 2) the order imposing sanctions pursuant to the trial court's inherent authority. We affirm the order granting section 57.105 sanctions and reverse and remand the order imposing sanctions on the court's inherent authority, with instructions for the trial court to conduct a noticed evidentiary hearing on sanctions.

We review orders imposing attorney's fees as sanctions for an abuse of discretion. Pub. Health Tr. of Miami-Dade Cty. v. Denson, 189 So. 3d 1013, 1014 (Fla. 3d DCA 2016). "Discretion . . . is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980). Procedural due process issues are reviewed de novo. Lopez v. Regalado, 257 So. 3d 550, 554 (Fla. 3d DCA 2018).

As to section 57.105 sanctions, we find that such sanctions were properly imposed on the Husband for filing an unfounded motion for rehearing. Upon review of the trial court's extensive findings of bad faith and finding that the motion for rehearing lacked support by the material facts, in

2

the context of the Husband's repeated attempts to disrupt proceedings below, we do not find that the trial court abused its discretion in imposing section 57.105 sanctions upon the Husband. See § 57.105(1)(a), Fla. Stat. (2019) ("Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . on any claim or defense . . . in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court . . . [w]as not supported by the material facts necessary to establish the claim or defense[.]"). Further, we find that the Husband's claims of due process violations are unsupported by the record. We therefore affirm the order granting section 57.105 sanctions against the Husband.

Upon review of the order granting sanctions pursuant to the trial court's inherent authority, we reverse and remand on due process grounds. Due process requires notice and an opportunity to allow the party to amend the offending pleading. See Moakley v. Smallwood, 826 So. 2d 221, 227 (Fla. 2002); S. Coatings, Inc. v. City of Tamarac, 943 So. 2d 948, 952 (Fla. 4th DCA 2006). Accordingly, we reverse and remand this order for a noticed hearing to determine whether sanctions are appropriate.

For the reasons stated, we affirm the order granting section 57.105 sanctions and reverse and remand the order imposing sanctions on the

court's inherent authority, with instructions for the trial court to conduct a noticed evidentiary hearing on sanctions.

Affirmed in part; reversed and remanded in part with instructions.