659 So.2d 1214 (1995)
Patricia J. ANDUJAR, Appellant,
v.
NATIONAL PROPERTY AND CASUALTY UNDERWRITERS, Florida Agency, Inc., a Florida corporation; Continental Claims and Adjusters, Inc., a Florida corporation; and Arnold Skoller, Appellees.
No. 94-0795.
District Court of Appeal of Florida, Fourth District.
August 23, 1995.
Certification of Question Denied October 12, 1995.
*1215 William R. Amlong of Amlong & Amlong, P.A., Fort Lauderdale, for appellant.
Bruce J. Berman, of Weil Gotshal & Manges, P.A., Miami, for appellee.
FARMER, Judge.
In the case before us today, a defendant who had previously prevailed in a federal employment discrimination action under Title VII of the Civil Rights Act of 1964 successfully argued to the circuit judge that its victory on the federal claim was res judicata as to the plaintiff's employment discrimination claim under the Florida Human Rights Act of 1977 arising from the same facts. We disagree and reverse the judgment dismissing the state law claim.
Plaintiff is a former employee of defendant. In May 1991, she filed a charge of employment discrimination with the Florida State Commission on Human Rights (CHR), alleging a violation of the Florida Human *1216 Rights Act of 1977.[1] Two days later she filed a similar charge with the EEOC, alleging a violation of Title VII of the Civil Rights Act of 1964.[2] The CHR apparently failed to conciliate or take action on the charge within 180 days, while the federal EEOC issued a right to sue letter which plaintiff received on January 21, 1992. She then commenced an action in federal district court on April 22, 1992. The federal district judge dismissed that action on a motion for summary judgment because the action was commenced more than 90 days after receipt of the right to sue letter. Under federal law, the dismissal is deemed an adjudication on the merits.
Plaintiff thereupon filed an action in the circuit court in Palm Beach County seeking relief under state Civil Rights Act of 1977, and also alleging causes of action for common law battery and intentional infliction of emotional distress. Defendant moved for a summary judgment on the doctrine of res judicata, arguing that the merits adjudication of the federal claim barred the state claim.
We agree with defendant to the extent that federal claim preclusion law governs, rather than Florida's. Whenever res judicata is asserted, the court in the second forum is bound to give the former judgment the same preclusive effect that the rendering court would give it. Indeed that general principle is so well established as to need no further elucidation. The issue thus centers around the kind of effect that the federal courts would give this judgment.
Federal courts apply res judicata when (1) there has been a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) in a case with identical parties, (4) on the same cause of action. Hart v. Yamaha-Parts Distribs. Inc., 787 F.2d 1468 (11th Cir.1986). We agree with defendant that the federal judgment is final and that the parties are identical. The first and third elements are thus satisfied. This case turns on the second and fourth elements.
Defendant relies primarily on Nilsen v. City of Moss Point, 701 F.2d 556 (5th Cir.1983), and Mills v. Des Arc Convalescent Home, 872 F.2d 823 (8th Cir.1989), to argue that the causes of action are identical. In both of those cases, the courts held that an earlier decision on the merits of a claim under Title VII barred a later action under 42 U.S.C. § 1981 based on the same transaction or occurrence.
We reject defendant's arguments as to the second and fourth elements. First, we conclude that the causes of action are different. In so doing, we recognize that the same evidence would probably sustain both of the statutory causes of action. But we do not understand that causes of action are identical merely because the same evidence would establish them. It seems clear to us that causes of action must arise under the same sovereign's laws in order to be identical. In our opinion, a cause of action founded on a federal statute is not the same cause of action as one founded on a state statute, even where both statutes apply to the same transaction or occurrence.
The United States is a land of dual sovereigns. Citizens are subject to the sovereign power of the United States, but they are also subject to the sovereign power of the state in which they reside. Although designed to play different roles in our governmental scheme, the two sovereigns sometimes legislate on the same subject. If Congress does not intend for its legislation to displace state laws on the same subject, a citizen of a state may have rights under the federal law, and at the same time she may have rights under the state law.
*1217 The right to be free from invidious discrimination in the terms and conditions of employment on account of sex is an example. Both sovereigns have created rights and remedies for sexual harassment in the workplace. Under Title VII (before the 1991 amendments), an aggrieved employee could have equitable relief in a federal court for unlawful sex discrimination in employment. First the aggrieved employee is required to submit a claim to the EEOC for investigation and conciliation. Whether the EEOC determines "no cause" or "reasonable cause" to believe a violation had occurred, it is required ultimately to issue a right to sue letter to the charging party. The charging party is then required to file a civil action in the federal district court within 90 days after receiving the right to sue letter from the EEOC, or the claim is barred. If the claimant timely files her claim and establishes a violation of Title VII, the court may award equitable remedies such as reinstatement and back pay. There is no right under the unamended Title VII to compensatory or punitive damages or even to a jury trial.
Under the Florida Human Rights Act, it is also unlawful to discriminate invidiously in employment relationships on the grounds of sex. As with the federal statute, the aggrieved person is first required to file a complaint with an agency for investigation and conciliation. When the CHR takes final action or after the passage of 180 days, whichever happens first, the complainant may file a civil action in the appropriate court, usually the circuit court. Damages for back pay are available, as is the right to trial by jury.
Whatever may be the similarities and differences between the two statutes, it is clear that a claim made under the one statute is not the same cause of action as a claim made under the other. They arise from separate rights recognized and protected by different sovereigns. Just as the defendants who were charged with state crimes and acquitted in the Rodney King case could be later charged and tried for federal crimes from the same conduct; and just as Byron DeLaBeckwith could be charged and tried for the same conduct in different proceedings under both Mississippi and federal law; so it is that a Florida citizen who claims to have suffered from invidious discrimination in employment has at one and the same time a remedy under the federal laws protecting against illegal discrimination in employment and a remedy under Florida law protecting against illegal discrimination in employment. That these separate rights may be implicated in the same conduct of her employer does not make her separate claims the same cause of action for purposes of res judicata.
As we hinted before, we also doubt that a federal district court is a "court of competent jurisdiction" within the meaning of federal claim preclusion law. Federal district courts have only such subject matter jurisdiction as Congress has given them consistent with article III of the United States Constitution. The power of federal courts to hear and decide claims arising under state law is generally limited to cases with parties of diverse citizenship, a circumstance that is lacking here.
There is an exception in the federal courts known as "pendent jurisdiction," that was approved by the Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).[3] Under this concept a federal court may hear and decide state law claims over which it ordinarily has no subject matter jurisdiction if the state claims arise from a common nucleus of operative fact with a federal claim over which that court does have jurisdiction. But as the Court explained in Gibbs:
"pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal *1218 court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surerfooted reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." [e.s.]
383 U.S. at 726, 86 S.Ct. at 1139. It is obvious to us from the foregoing that a district judge's decision to dismiss pendent state law claims arising from an act of illegal employment discrimination would not be understood by the federal courts as a decision on the merits of those state claims. The federal court would have been competent to decide them only if the plaintiff had asked the court to do so and the court, in its discretion, agreed to assume jurisdiction over them.
Neither aspect is true here. In the first place, plaintiff's complaint in the district court alleged only claims under Title VII. She made no attempt to plead a cause of action under Florida law. Hence, the district court obviously had no occasion to decide whether to assume jurisdiction over her state law claims. Without an express decision to use pendent jurisdiction to decide state law claims, it is apparent to us that the federal court's decision on the merits of the federal claim would be understood as lacking jurisdiction over the state claims.
We therefore reverse the summary judgment and remand for further proceedings.
STONE and STEVENSON, JJ., concur.
NOTES
[1] The Florida statute was recently rewritten. See Ch. 92-177, Laws of Fla. The 1977 statute was replaced by the Florida Civil Rights Act of 1992, but it applies only to conduct occurring after October 1, 1992. Id. at § 13.
[2] 42 U.S.C. § 2000e, et seq. In 1991, Congress amended Title VII prospectively to allow for money damage awards, but it does not appear that the 1991 amendment would have been available to the claimant here.
[3] See now 28 U.S.C. § 1367 (1991) (district court has supplemental jurisdiction over any state law claim that is so related to claim giving jurisdiction that it forms part of the same case or controversy).