674 So.2d 799 (1996)
Diane DALBON, Appellant,
v.
WOMEN'S SPECIALTY RETAILING GROUP, a division of United States Shoe Corp., a foreign corporation, and Sheri Clark, Appellee.
No. 95-0184.
District Court of Appeal of Florida, Fourth District.
May 8, 1996.
Rehearing Denied June 19, 1996.
*800 Mary Alice Gwynn of Saylor & Gwynn, West Palm Beach, for appellant.
Peter A. Sachs and Stephen J. Aucamp of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee.
FARMER, Judge.
In affirming on all issues, we write only to distinguish our recent decision in Andujar v. Nat'l Prop. & Cas. Underwriters, 659 So.2d 1214 (Fla. 4th DCA 1995). In Andujar, we determined that a dismissal on the merits of a claim under Title VII of the Civil Rights Act of 1964 was not res judicata of a claim under the Florida Human Rights Act of 1977 arising from the same core of operative facts. In this case, we conclude that newly raised state law claims, arising from the same occurrence as a previously determined state law claim, are barred by a previous federal judgment involving a Title VII claim.
The plaintiff in Andujar did not allege any state law claims in her first action and thus did not seek to have the federal district court assert jurisdiction over such claims under its pendent jurisdiction. We concluded that the federal and state claims were separate and distinct for purposes of federal claim preclusion rules.
In this case, however, plaintiff filed a two-count complaint in the Florida circuit court. Count I alleged a Title VII violation, but count II alleged a state common law cause of action for infliction of emotional distress. Both claims related to the termination of plaintiff's employment. The case was removed to the federal district court. In due course the federal district judge granted a summary judgment on the state law claim in favor of defendant. After a trial he entered judgment on the merits in favor of defendant, finding that plaintiff was not fired because of her pregnancy. That judgment was then appealed to the United States Court of Appeals for the Eleventh Circuit.
*801 Plaintiff then filed a new complaint in the state circuit court, this time alleging that defendant made negligent misrepresentations, and was negligent in supervising and retaining the supervisor who had fired plaintiff. Defendant moved for a summary judgment on res judicata grounds, arguing that the new state claims arose from the same facts as she had previously presented in the federal action and were thus barred. The trial judge agreed. On this appeal, plaintiff contends that the federal judgment was based solely on the federal claim. We disagree.
Defendant argued that res judicata bars all possible claims, whether or not they are alleged or presented in a prior proceeding, arising from the same facts or out of the same transaction or occurrence, and that such claims are merged into the federal court's judgment. Because this case involves a prior federal court judgment, we apply federal claim preclusion principles. Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498 (1990) (even in diversity action federal court applies federal claim preclusion principles to determine effect of prior federal court judgment).
Under federal claim preclusion principles,
"Res judicata bars * * * a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same."
Israel Discount Bank Ltd. v. Entin, 951 F.2d 311, 314 (11th Cir.1992). Moreover, "res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding." [e.s.] Citibank, 904 F.2d at 1501. The federal test for ascertaining whether separate claims constitute the same cause of action is as follows:
"In general, cases involve the same cause of action for purposes of res judicata if the present case `arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action.' [c.o.] Put another way, they must `arise out of the same transaction or series of transactions.'"
Israel Discount Bank, 951 F.2d at 315. In an earlier case, the same court explained:
"The principal test for determining whether the causes of action are the same is whether the primary right and duty or wrong are the same in each case. * * * As the former Fifth Circuit observed, in determining whether the causes of action are the same, the substance of the actions, not the form, controls. [c.o.]"
Ray v. Tennessee Valley Auth., 677 F.2d 818, 821 (11th Cir.1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983).
There is no doubt in our mind that the newly advanced claims for misrepresentation and negligent supervision and retention of the supervisor arise from the same core of facts underlying the state law negligent infliction of emotional distress claim in the federal action and implicate the same primary rights and duties. The primary rights and duties relate to the relationship between employer and employee. All of the claims in the two suits address that connection, each claiming slightly different rights and duties, but all appertaining to it. We conclude that a federal court would find the later claims merged into the former judgment and thus barred by it.
In Andujar the plaintiff did not assert any state claims in federal court and thereby give that court the discretion under the doctrine of pendent jurisdiction to exercise jurisdiction over state law claims as to which it otherwise lacked jurisdiction. For that reason, the federal judgment dismissing the federal claim as time-barred was not res judicata as to the unlitigated state law claims. Here a state law claim was presented and litigated with the approval of the federal judge. Having presented one of her state law claims arising from the termination of her employment to the federal court, plaintiff cannot now attempt to raise new state law claims in state court arising from the same facts and from the same primary *802 rights and duties as were litigated previously.
AFFIRMED.
WARNER and POLEN, JJ., concur.