JORGENSON, Judge.
Angela Bosdorf, personal representative of the decedent’s estate, appeals from an order of final summary judgment entered on the ground of res judicata in a wrongful *511 death action. For the following reasons, we reverse.
The facts underlying this case are relatively straightforward. In May, 1996, in the waters off Cozumel, Mexico, Frank Bosdorf was killed after being struck by a boat when he surfaced from a scuba dive. Bosdorf, a citizen and resident of Germany, had been vacationing in Mexico. The vessel that struck him, the M/Y Miramar, is owned by J & L Enterprises, a North Carolina corporation. The president of J & L, Lamar Beach, is a resident of North Carolina. The vessel was captained by Harry Sinnamon, a resident of Florida. Judy Sinnamon, the captain’s wife and also a resident of Florida, served as first mate. Safe Divers is a Florida business wholly owned by Harry Sinnamon.[1]
The litigation that arose from this accident is complex; the decedent’s estate filed four separate actions in four different courts.
THE FOUR LAWSUITS
I. On May 22, 1998, in the United States District Court for the Middle District of North Carolina plaintiffs filed their first suit against the owners and operators of the Miramar pursuant to the Death on the High Seas Act, 46 U.S.C.App. §§ 761-768 (DOHSA); the complaint alleged negligence of each defendant individually and also vicarious liability. Plaintiffs also sued the vessel in rem.
II. On June 24, 1998, in Miami Dade Circuit Court, plaintiffs sued the owners and operators of the boats on the same claims brought in case I. This appeal stems from an order entered in Case II.
III. In April, 1999, in the United States District Court for the Southern District of Florida, plaintiffs sued the same defendants on the same causes of action as in cases I and II.
IV. On May 21, 1999, in the United States District Court for the Eastern District of North Carolina, the decedent’s estate brought a second in rem action against the vessel Miramar.

PROCEEDINGS IN THE FOUR LAWSUITS

Case IV was dismissed for failure to effect an in rem arrest of the vessel. In Case III, the District Court for the Southern District of Florida dismissed the North Carolina defendants; stayed the suit against the Florida defendants pursuant to the doctrine of abstention; and “re-taine[ed] jurisdiction over the matter pending resolution of the state action.”. See Bosdorf v. Beach, 79 F.Supp.2d 1837, 1347 (S.D.Fla.1999).
The disposition of Case I, the first suit filed, is central to the issues now on appeal in the state proceeding. The federal court in the Middle District of North Carolina dismissed the case early in the proceedings as to the Florida defendants (Harry and Judy Sinnamon, Edward Bussey, and Safe Divers, Inc.) ruling that there was no personal jurisdiction. Trial was set for July 2000. On March 14, 2000, plaintiffs moved pursuant to Federal Rule of Civil Procedure 41(a)(2)[2] to voluntarily dismiss with prejudice the claims remaining against the North Carolina defendants. Over the defendants’ objection the court *512 ordered dismissal, with prejudice, of all claims against Lamar Beach and J & L Enterprises.
In Case II, the Miami-Dade Circuit Court ruled that because the plaintiffs filed a voluntary dismissal in Case I, the doctrine of res judicata barred them from pursuing the same claims brought in Florida. In sum, the Florida defendants were not subject to suit in North Carolina federal court for want of personal jurisdiction; the North Carolina defendants were not subject to suit in Florida state court for want of personal jurisdiction; the federal action against the Florida defendants in the Southern District was stayed because of the pending Florida state court action; and finally, the pending Florida state action was terminated on the basis of the plaintiffs’ voluntary dismissal of the North Carolina defendants in the Middle District of North Carolina.[3]

DISPOSITION OF THIS APPEAL

The trial court erred in entering summary judgment for defendants on the ground of res judicata. The North Carolina federal court’s dismissal of the Florida defendants for lack of jurisdiction in Case I does not preclude further litigation against those defendants in a different forum-Florida-on the merits of the claim; that dismissal only acts as res judicata for the jurisdictional issue in the “dismissing” jurisdiction. See Posner v. Essex Ins. Co. Ltd., 178 F.3d 1209, 1221 (11th Cir.1999).
The dismissal with prejudice of the North Carolina defendants in Case I has no preclusive effect on the Florida action even if that dismissal was a judgment on the merits. “In short, it is no longer true that a ‘judgment on the merits’ is necessarily a judgment entitled to claim-preclusive effect ...” Semtek Int’l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 121 S.Ct. 1021, 1024, 149 L.Ed.2d 32 (2000). In Semtek, Justice Scalia, writing for a unanimous Court, held that Rule 41 of the Federal Rules of Civil Procedure does not, and could not, create a uniform federal rule governing the substantive issue of the claim-preclusive effect of a dismissal, or impose a mandate that all federal dismissals preclude suit on the same claim elsewhere. Id. A Rule 41 dismissal in a federal court, even with prejudice, may bar refiling of the same claim in that court, but is not necessarily sufficient to bar refiling of the claim in a different court. Id.
There has been no adjudication on the merits of the DOHSA claims in any of the venues against any of the defendants.[4] Based upon the foregoing analysis, we hold that the plaintiffs’ voluntary dismissal with prejudice of the North Carolina defendants in federal court in North Carolina does not, as a matter of law, bar plaintiffs from litigating their DOHSA claim against the Florida defendants in Miami Dade Circuit Court.
Reversed and remanded for further proceedings.

. Edward Bussey, a Florida resident, was voluntarily dismissed by plaintiffs in this action in February, 2000.

. “Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.” Fed.R.Civ.P. 41(a)(2).

. The federal in rem actions against the vessel Miramar, both dismissed, are of no import for purposes of this appeal.

. "State and federal courts have concurrent jurisdiction to hear wrongful death claims under the Death on the High Seas Act.” Bosdorf v. Beach, 79 F.Supp.2d. 1337, 1345, citing Offshore Logistics Inc. v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986).