CIKLIN, J.
Lennon Anderson appeals a final order dismissing his complaint against Vanguard Car Rental (“Vanguard”) with prejudice based on the doctrine of res judicata. The trial court had found that Anderson’s complaint involved the same parties and issues as a federal complaint that had been dismissed with prejudice. Although Anderson had originally included state law claims in his federal complaint, Anderson voluntarily withdrew all of his state claims from the federal ease before the federal court dismissed the complaint with prejudice. Because the federal court’s dismissal with prejudice did not include a judgment on the merits on any state law claims, we reverse the order dismissing Anderson’s claim on the basis of res judicata.
On August 11, 2005, Anderson, proceeding pro se, filed a complaint against his former employer, Vanguard, in the United States District Court for the Southern District of Florida. The federal court dismissed this complaint and a subsequent amended complaint without prejudice for failure to state a claim upon which relief could be granted. Anderson then filed a second amended complaint on August 10, 2007. This second amended complaint contained five counts, three of which were based on Florida law.[1]
On July 6, 2007, Anderson filed a complaint in the Broward County circuit court based on the same facts as the federal complaint.[2] Anderson’s complaint filed in state court contained four of the same counts as the federal complaint. On August 31, 2007, Vanguard filed a motion to dismiss or alternatively to stay proceedings in state court alleging that the parties and issues in the state ease were identical to those in the federal case. On November 7, 2007, before Vanguard’s motion was heard, Anderson filed a notice of voluntary dismissal in federal court, dismissing the counts based on state law claims. The state trial court subsequently granted the motion to stay until the federal case was resolved.
On February 29, 2008, the federal court granted Vanguard’s motion to dismiss with prejudice for failure to state a claim for which relief could be granted. The Eleventh Circuit Court of Appeals affirmed the federal district court’s order on March 13, 2009 and the United States Supreme Court denied Anderson’s petition for a writ of certiorari on October 13, 2009, effectively ending all federal avenues of appeal.
On November 24, 2009, Vanguard filed a motion to lift the stay and dismiss Anderson’s pending state action. The trial court ultimately granted Vanguard’s motion to dismiss with prejudice based on res judicata.
*572 Anderson now appeals this dismissal arguing that because he had voluntarily dismissed those counts of his federal suit which were based on state law, the federal court never reached a final judgment on the merits with respect to any state law claim; therefore, he argues, his state law claims are not proeedurally barred by the federal court ruling. We agree.
Our review of a trial court’s order dismissing a complaint based on the application of res judicata is de novo. See W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc., 35 So.3d 79, 82 (Fla. 4th DCA 2010). “Res judicata is a judicial doctrine used to bar parties from relitigating claims previously decided by a final adjudication on the merits.” Id. at 82-83 (citation omitted).
When res judicata is asserted based on a prior federal court’s judgment, Florida courts apply federal claim preclusion principles. Dalbon v. Women’s Specialty Retailing Grp., 674 So.2d 799, 801 (Fla. 4th DCA 1996). “Federal courts apply res judicata when (1) there has been a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) in a case with identical parties, (4) on the same cause of action.” Andujar v. Nat’l Prop. & Cas. Underwriters, 659 So.2d 1214, 1216 (Fla. 4th DCA 1995) (citing Hart v. Yamaha-Parts Distribs., Inc., 787 F.2d 1468 (11th Cir.1986)). Here, neither party disputes that there has been a final judgment on the merits nor that the parties are identical. The issue is whether the causes of action in the federal and state lawsuits are identical.
In Andujar, we held that “causes of action must arise under the same sovereign’s laws in order to be identical.” Id. at 1216. Thus, a Florida state law claim and a federal claim are not identical under federal preclusion law even if the claims “apply to the same transaction or occurrence.” [3] See id.
This does not mean, however, that a federal court’s final judgment cannot bar a state law claim. Under the doctrine of pendent jurisdiction, a plaintiff may assert related state law claims along with federal claims in federal court and thereby give that court discretion to exercise jurisdiction over state law claims as to which it otherwise lacked jurisdiction. See Dalbon, 674 So.2d at 800-01. If a federal court reaches a final judgment on the merits on any state law claim, then all state law claims based on the same transaction or occurrence are proeedurally barred from being litigated in state court. Id. at 801. This is because under federal law, “ ‘res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding.’ ” Id. (quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir.1990)).
Here, the federal court dismissed Anderson’s second amended complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. In its final order, however, the federal court, noting that all of Anderson’s claims based on state law had been voluntarily dismissed, only discussed the merits — or lack thereof — of Anderson’s claims based on federal law. Thus, the final order did *573 not reach a judgment on the merits of any state law claim.[4]
Vanguard argues that all of Anderson’s claims are procedurally barred because Anderson originally filed state law claims in federal court, and even though the state claims were voluntarily dismissed, the claims could have been brought in federal court. That is, according to Vanguard, the federal court retained jurisdiction over the state law claims even after Anderson’s voluntary dismissal of those claims. This argument, however, is unpersuasive.
In Bosdorf v. Sinnamon, 804 So.2d 510 (Fla. Sd DCA 2001), the Third District held that a plaintiffs voluntary dismissal with prejudice of a wrongful death claim under the Death on the High Seas Act in a North Carolina federal court did not bar the same claim in a Florida circuit court.[5] Id. at 512. The court wrote that, “A Rule 41 dismissal in a federal court, even with prejudice, may bar refiling of the same claim in that court, but is not necessarily sufficient to bar refiling of the claim in a different court.” Id. (citing Semtek Int’l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)); see also Tyson v. Viacom, Inc., 890 So.2d 1205, 1210 (Fla. 4th DCA 2005) (en banc) (“One of the requirements for res judicata to apply is that the claim must have been adjudicated on the merits. A voluntary dismissal without prejudice will not support a claim of res judicata.” (quoting Froman v. Kirland, 753 So.2d 114, 116 (Fla. 4th DCA 1999))).
Thus, Anderson’s voluntary dismissal of his state law claims in federal court does not bar adjudication of those claims in a Florida state court. Accordingly, because the federal court’s final judgment did not include a judgment on the merits of any of Anderson’s state law claims, the trial court erred in dismissing Anderson’s state law claims based on res judicata.[6] Therefore, we reverse the trial court’s order which dismissed Anderson’s complaint with prejudice on the basis of res judicata and remand for further proceedings on the merits.

Reversed and remanded for reinstatement of the complaint.

HAZOURI and MAY, JJ., concur.

. Anderson alleged the following causes of action: (I) Deliberate Indifference; (II) Outrageous Conduct; (III) Breach of Contract; (IV) Conspiracy; and (V) Wrongful Termination. Counts II, III, and V were based on Florida law.

. In fact, the complaint filed in the state circuit court contained thirteen pages of alleged facts that were virtually identical to the facts asserted in his second amended complaint in federal court.

. Vanguard argues that Andujar is limited to causes of action based on statutoiy law. This argument is unpersuasive, however, as Florida common law claims are also part of Florida's laws, and therefore arise under a different sovereign than claims based on federal law.

.The federal court had originally dismissed Anderson's first two complaints without prejudice for failure to state a claim. Those complaints did include state law claims. Nevertheless, a dismissal without prejudice is not a judgment on the merits under federal law. See S. Coatings, Inc. v. City of Tamarac, 916 So.2d 19, 21 (Fla. 4th DCA 2005) ("[Tjhe federal court’s dismissal without prejudice of [plaintiff’s] state law pendent claims is not a judgment on the merits and, therefore, not res judicata.”).

. The court in Bosdorf noted that ’’[s]tate and federal courts have concurrent jurisdiction to hear wrongful death claims under the Death on the High Seas Act.” 804 So.2d at 512 n. 4 (citation and quotation marks omitted).

. Any of Anderson's claims, however, which are based solely on federal law are procedurally barred.