DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACK ARONOWITZ,**
Appellant,

v.

**HOME DIAGNOSTICS, INC.,** a Florida corporation, and **TECHNICAL CHEMICALS & PRODUCTS, INC.,**
Appellees.

No. 4D12-3862

[ September 9, 2015 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 96-016225.

Bernardo Burstein and Robert A. Bouvatte, Jr. of Burstein & Associates, P.A., Miami, for appellant.

M. Glenn Curran, III of the Curran Law Group, Fort Lauderdale, for Appellee Home Diagnostics, Inc.

TAYLOR, J.

Jack Aronowitz appeals the final summary judgment entered in favor of Home Diagnostics, Inc. (HDI) in this case involving claims of breach of license agreements for HDI's use of certain patented technology. The trial court found that Aronowitz's breach of contract claims were barred by res judicata and precluded by collateral estoppel as a result of litigation between the parties in federal court. For the reasons stated below, we reverse the final judgment and remand for further proceedings.

The litigation between these parties began over twenty-one years ago. Aronowitz is the owner of three patents for blood glucose and cholesterol testing products: patent 4,774,192 ('192 patent), patent 4,877,580 ('580 patent), and patent 4,790,979 ('979 patent). In 1988, Aronowitz entered into an agreement in which Technical Chemicals & Products, Inc., would manufacture the products, using the patented technology, and HDI would have a worldwide exclusive license to market, sell, and distribute the products. In 1990, the parties agreed that HDI would have an exclusive license to manufacture and distribute the glucose and cholesterol testing

products. Pursuant to these agreements, HDI was required to pay Aronowitz royalties.

In 1993, Aronowitz filed suit in federal court alleging that HDI infringed on his patent rights. He claimed that HDI failed to meet its royalty obligations under the 1988 and 1990 agreements. Aronowitz demanded that HDI cease and desist from the unauthorized use of his patents. Among other things, he requested a preliminary and permanent injunction restraining HDI from infringing on his patents and sought compensatory damages in the form of a royalty for each diagnostic test strip manufactured from the date of the breach.

The district court entered a judgment in favor of HDI. Issues related to the '979 patent were disposed of during trial due to lack of evidence. The court found that HDI's products did not infringe on the '192 patent, and that although some of HDI's products did utilize the '580 patent, HDI did not infringe on the '192 patent because it had a valid license. The court also found that the contingencies giving rise to the obligation to pay royalties never occurred and "the evidence was insufficient to establish that [HDI] was in material breach as required for [Aronowitz] to terminate the license."

On appeal, the federal circuit court vacated the district court's findings related to the agreements. *See Technical Chems. & Prods., Inc. v. Home Diagnostics, Inc.*, 152 F.3d 947, 1998 WL 163650 (Fed. Cir. 1998). The court also vacated the district court's findings with respect to the infringement of the '192 patent, ruling that the district court used the incorrect infringement analysis. *Id.* at *11. However, the court found that at least one of HDI's products utilized the technology of the '580 patent. *Id.* at *13.

The federal circuit court instructed the district court, on remand, to determine if the use of the '580 patent was covered by the 1988 and 1990 agreements. *Id.* at *12. The circuit court also instructed the district court to determine whether, under the proper infringement analysis, HDI's products infringed on the '192 patent. *Id.* The district court also had to address whether royalties were due under the agreements and whether HDI breached the agreements by failing to pay royalties. *Id.* at *11-12. If HDI breached the agreements, the court would have to determine the proper remedy. *Id.*

While the federal case was on appeal, Aronowitz filed a breach of contract claim in Broward County circuit court, alleging that HDI failed to pay royalties pursuant to the agreements. On HDI's motion, the trial court

2

abated the state case until the federal case was resolved.

In 2000, the district court issued an Amended Findings of Fact and Conclusions of Law. After conducting the correct infringement analysis, the district court again found that HDI's product did not utilize the '192 patent. The judge who made those findings retired without addressing the '580 patent and breach of agreement issues. After two orders to show cause why the case should not be dismissed, a magistrate administratively closed the case until the parties reconstructed the incomplete record.

In 2010, the district court denied Aronowitz's Motion to Reopen the Case and entered a final judgment. The court found that the case had suffered an extraordinary delay. Aronowitz failed to provide evidence that he made any reasonable efforts to prosecute his claim after the case was administratively closed. The court concluded that Aronowitz had abandoned the remaining issue: whether the '580 patent was covered by HDI licensing agreements and whether HDI breached the agreements. This order was affirmed on appeal.

In 2011, on Aronowitz's motion, the Broward County circuit court reactivated the breach of contract case. HDI filed a motion for summary judgment, arguing that the breach of contract claim was barred by res judicata and precluded by collateral estoppel. The trial court found that the breach of contract issues raised in the state action were barred by collateral estoppel and res judicata because they were actually litigated between the parties in the federal proceedings.

On appeal, Aronowitz argues that his breach of contract action was not barred by res judicata because there was not a final judgment on the merits rendered by a court of competent jurisdiction on the same cause of action. He also argues that these issues were not litigated in the federal case and, thus, were not precluded by collateral estoppel.

The standard of review for an order granting summary judgment is de novo. *Jaffer v. Chase Home Fin., LLC*, 155 So. 3d 1199, 1201 (Fla. 4th DCA 2015). Summary judgment should be entered only when there is no genuine issue of any material fact. *Id.* The movant has the burden of proving the nonexistence of any genuine issue of material fact. *Branch Banking & Trust Co. v. ARK Dev./Oceanview, LLC*, 150 So. 3d 817, 819 (Fla. 4th DCA 2014) (citation omitted).

A trial court's ruling concerning the application of res judicata and collateral estoppel is also reviewed de novo. *W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc.*, 35 So. 3d 79, 82 (Fla. 4th DCA 2010).

HDI asserted the affirmative defense of res judicata and collateral estoppel based on a federal judgment. When res judicata is asserted based on a prior federal judgment, Florida courts apply federal claim preclusion principles. *Anderson v. Vanguard Car Rental USA Inc.*, 60 So. 3d 570, 572 (Fla. 4th DCA 2011). Similarly, when the party asserts collateral estoppel, the state court should apply federal issue preclusion principles. *Gawker Media, LLC v. Bollea*, 129 So. 3d 1196, 1203 (Fla. 2d DCA 2014).

"Federal courts apply res judicata when (1) there has been a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) in a case with identical parties, (4) on the same cause of action." *Anderson*, 60 So. 3d at 572 (quoting *Andujar v. Nat'l Prop. & Cas. Underwriters*, 659 So. 2d 1214, 1216 (Fla. 4th DCA 1995) and citing *Hart v. Yamaha–Parts Distribs., Inc.*, 787 F.2d 1468 (11th Cir. 1986)). "The general test when deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." *U.S. Project Mgmt., Inc. v. Parc Royale E. Dev., Inc.*, 861 So. 2d 74, 76 (Fla. 4th DCA 2003) (citations and internal quotation marks omitted). Res judicata also bars "'every other matter which the parties might have litigated and had determined, within the issues as [framed] by the pleadings or as incident to or essentially connected with the subject matter' of the first litigation." *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 523 (Fla. 4th DCA 2005) (quoting *Hay v. Salisbury*, 109 So. 617, 621 (1926) and *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1214 (Fla. 4th DCA 2005) (Gross, J., concurring)) (quotation marks omitted).

If the two causes of action fail to satisfy the identity test of res judicata, but the identity of parties and issues are present, collateral estoppel may be utilized. *Selim v. Pan Am. Airways Corp.*, 889 So. 2d 149, 153 (Fla. 4th DCA 2004). "To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action, and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Gawker Media, LLC*, 129 So. 3d at 1203 (quoting *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)). Collateral estoppel applies to specific issues "that were actually litigated and decided in the former suit." *Zikofsky*, 904 So. 2d at 525.

Here, the federal court was a court of competent jurisdiction because Aronowitz asserted a cause of action under federal patent law—patent infringement. Then he invoked the pendent jurisdiction of the court over

4

the breach of contract claim by litigating the claim with the approval of the federal court. *See Anderson*, 60 So. 3d at 572 ("Under the doctrine of pendent jurisdiction, a plaintiff may assert related state law claims along with federal claims in federal court and thereby give that court discretion to exercise jurisdiction over state law claims as to which it otherwise lacked jurisdiction.").

Citing *Tyson*, Aronowitz argues that there is no identity of the cause of action. 890 So. 2d at 1211. In *Tyson*, we explained that identity of the cause of action is a question of "whether the facts or evidence necessary to maintain the suit are the same in both actions." *Id.* at 1209 (quoting *Albrecht v. State*, 444 So. 2d 8, 12 (Fla. 1984), *superseded by statute on other grounds*). There, we held that the adjudication of a whistleblower claim did not bar a subsequent action for breach of employment contract and fraud in the inducement because the facts necessary to prove the claims were not identical. *Id.* at 1209. Unlike the plaintiff in *Tyson*, however, Aronowitz actually litigated all the matters pertaining to the breach of contract action claim by consent. *See Dawley v. NF Energy Saving Corp. of Am.*, 374 Fed. Appx. 921, 923 (11th Cir. 2010) ("Federal Rule of Civil Procedure 15(b)(2) provides that where issues are tried by express or implied consent of the parties, those issues will be treated as having been raised in the pleadings."). In the original judgment, the district court stated "Plaintiffs have argued that Defendant's failure to pay royalties constituted a material breach which led to the termination of the license." The district court concluded that the evidence was insufficient to establish that HDI was in material breach as required for Aronowitz to terminate the license. On appeal, the federal circuit court opinion stated that "TCPI and Aronowitz argue that HDI breached the agreements by failing to pay the per strip royalties . . . ." *Technical Chems. & Prods., Inc.*, 1998 WL 163650, at *11.

Although the parties litigated the breach of contract claim and the district court initially adjudicated the merits of the breach of contract claim, the federal circuit court vacated all of the district court's findings regarding breach of agreements. *See Technical Chems. & Prods., Inc.*, 1998 WL 163650, at *12. Since the federal circuit court vacated the district court's findings, those findings cannot bar subsequent litigation on the same claim. *See Ciffo v. Pub. Storage Mgmt., Inc.*, 622 So. 2d 1053, 1054 (Fla. 4th DCA 1993) ("A judgment which has been reversed on appeal cannot be the basis of invoking the doctrine of res judicata.").

On remand, the district court did not make any final determinations on the breach of contract issues. The district court found that HDI's products did not infringe on the '192 patent. Since HDI did not utilize that '192

patent technology, no royalties were due, and the court did not reach any breach of contract issues related to that patent. In the final judgment, the district court acknowledged that the issues of whether the '580 patent was covered by the agreements and whether HDI breached those agreements were not addressed. The district court did not reopen the case, because it concluded that after four years of inactivity Aronowitz had abandoned the remaining issues. Aronowitz failed to prosecute and did not provide any viable excuse for the significant delay in the case. By denying Aronowitz's motion to reopen the case, the district court declined to rule on the merits of the breach of contract claims. Since the judgment was rendered on grounds that do not involve the merits of the breach of contract claims, the judgment cannot be used as the basis for the operation of the doctrine of res judicata. *See State St. Bank & Trust Co. v. Badra,* 765 So. 2d 251, 254 (Fla. 4th DCA 2000) ("A judgment rendered on any grounds which do not involve the merits of the action may not be used as the basis for the operation of the doctrine of res judicata.").

Similarly, the collateral estoppel doctrine does not preclude Aronowitz from raising the breach of contract issues in state court. Because the breach of contract issues were never decided in the federal action, Aronowitz is not precluded from raising these issues in a state action.

In sum, we find that Aronowitz's breach of contract claims were not barred by the doctrine of res judicata or precluded by collateral estoppel, because the federal judgment was not a final adjudication on the merits of those claims. We therefore reverse the summary judgment and remand for further proceedings.

*Reversed and Remanded.*

MAY, and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

6