DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILADELPHIA FINANCIAL MANAGEMENT OF SAN FRANCISCO, LLC,**
and **BLUE LION MASTER FUND, L.P.**
Appellants,

v.

**DJSP ENTERPRISES, INC., DAVID J. STERN, KUMAR GURSAHANEY,**
and **GARY CURSON, DPM.**
Appellees.

No. 4D16-870

[August 2, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. 1413041 CACE 07.

Daniel M. Cohen, Matthew E. Miller, and Jonathan W. Cuneo of Cuneo Gilbert & LaDuca, LLP, Washington, DC; Charles J. LaDuca of Cuneo Gilbert & LaDuca, LLP, Bethesda, MD; Scott R. Shepherd and Nathan Zipperian of Shepherd, Finkelman, Miller & Shah, LLP, Weston; David M. Marek of Liddle & Robinson, L.L.P., New York, NY; Joseph E. White, III and Lester R. Hooker of Saxena White, P.A., Boca Raton; Richard S. Wayne and Thomas P. Glass of Strauss & Troy, LPA, Cincinnati, OH; and Jeffrey P. Harris of Statman Harris & Eyrich, LLC, Cincinnati, OH, for appellants.

Sharon Kegerreis and Lara O'Donnell Grillo of Berger Singerman LLP, Miami, for appellee DJSP Enterprises, Inc.

Spencer A. Tew and Jeffrey A. Tew of Rennert Vogel Mandler & Rodriguez, P.A., Miami, for appellee David J. Stern.

Dennis A. Nowak and Caitlin M. Trowbridge of Rumberger, Kirk & Caldwell, Miami, for appellee Kumar Gursahaney.

KUNTZ, J.

Philadelphia Financial Management of San Francisco, LLC and Blue Lion Master Fund, L.P. ("the investors") filed a lawsuit in the circuit court asserting claims for fraud and negligent misrepresentation. The court found the claims were barred by the doctrine of res judicata because they

were previously raised in a federal court action, and entered final summary judgment in favor of the defendants.

The investors raise two issues on appeal. First, they argue that res judicata should not have precluded their state court lawsuit due to the discovery of new evidence after the entry of the federal court's judgment. As to this argument, we affirm without further discussion. *See, e.g., Jarvis v. Analytical Lab. Servs.*, 499 F. App'x 137, 140 (3d Cir. 2012) (citing *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999)) ("Newly discovered evidence does not prevent the application of res judicata unless it was either fraudulently concealed or it could not have been discovered with due diligence.").

Second, they argue the federal court's judgment was not a final adjudication on the merits of their state claims and, therefore, the state lawsuit was not barred by res judicata. For the reasons explained below, we disagree and affirm the circuit court's detailed order applying res judicata as a bar to the investors' state court complaint.

### *Background*

Analyzing the applicability of res judicata to the complaint in this case requires a brief review of the investors' three lawsuits against the defendants:

a. The first federal lawsuit: *Philadelphia Financial Management of San Francisco, LLC v. DJSP Enterprises., Inc.*, No. 0:10-cv-61261-WJZ, 2011 WL 4591541 (S.D. Fla. Sept. 30, 2011);

b. The second federal lawsuit: *Philadelphia Financial Management of San Francisco, LLC v. DJSP Enterprises., Inc.*, No. 0:12-cv-61018-WJZ, 2013 WL 12080186 (S.D. Fla. Sept. 12, 2013), *adopted by* ECF No. 44 (Oct. 2, 2013), *aff'd*, 572 F. App'x 713 (11th Cir. 2014); and

c. The instant state court action.

### a. *The First Federal Lawsuit*

In 2010, several investors filed a lawsuit in the United States District Court for the Southern District of Florida against DJSP Enterprises, Inc., David J. Stern, and Kumar Gursahaney. *See Phila. Fin. Mgmt. of S.F., LLC v. DJSP Enters., Inc.*, No. 0:10-cv-61261-WJZ, 2011 WL 4591541 (S.D. Fla. Sept. 30, 2011). The investors "pled a securities-fraud claim against all

Defendants under Section 10(b) of the Securities Exchange Act of 1934 ('the Act') and SEC Rule 10b–5, as well as a controlling-persons claim against Stern and Gursahaney under Section 20(a) of the Act." *Id.* at \*8.

Judge Zloch dismissed the investors' amended complaint in the first federal lawsuit without prejudice, denying a request for further amendment for failure to sufficiently advise the court as to the substance of any potential amendments. *Id.* at \*17–18.

### b. *The Second Federal Lawsuit*

In 2012, the investors filed the second federal lawsuit in the Southern District of Florida. *See Phila. Fin. Mgmt. of S.F., LLC v. DJSP Enters., Inc.*, No. 0:12-cv-61018-WJZ, 2013 WL 12080186 (S.D. Fla. Sept. 12, 2013), *adopted by* ECF No. 44 (Oct. 2, 2013), *aff'd*, 572 F. App'x 713 (11th Cir. 2014).

With the exception of additional paragraphs that did "not add material facts to the original allegations," and two slightly amended paragraphs, the complaint filed in the second federal lawsuit was factually similar to the complaint in the first federal lawsuit. *Id.* at \*2, \*4. The investors argued to the federal court that the complaint itself was different because "it allege[d] two common-law claims," state law claims of fraud and negligent misrepresentation. *Id.* at \*5. Notably, the investors asserted that the district court had jurisdiction over the state law claims under both 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

Magistrate Judge Hunt issued a report and recommendation to Judge Zloch: concluding the complaint filed in the second federal lawsuit was substantially similar to the complaint that was dismissed in the first federal lawsuit and it failed to cure any deficiencies; and recommending dismissal. *Id.* at \*4. The report and recommendation also noted that while the court could exercise supplemental jurisdiction over the pendent state law claims, there was a presumption against pendent jurisdiction and the investors failed to address the issue in their briefing. Therefore, the magistrate judge recommended the state law claims be dismissed, as well. *Id.* Later, Judge Zloch overruled the investors' objections and adopted the magistrate judge's report and recommendation.

The investors appealed the district court's dismissal of the second federal lawsuit, and the Eleventh Circuit affirmed. *Phila. Fin. Mgmt. of S.F., LLC v. DJSP Enters., Inc.*, 572 F. App'x 713 (11th Cir. 2014). With regard to the investors' state law claims, the Eleventh Circuit determined the

issues were waived, stating, "In their appellate brief, the plaintiffs do not challenge the dismissal of the state-laws claims or the denial of their Rule 59(e) motion. As such, we consider these issues abandoned." *Id.* at 718 n.3 (citation omitted).

### c. *The State Court Lawsuit*

After the Southern District dismissed the second federal lawsuit, but two weeks before the Eleventh Circuit affirmed the dismissal, the investors filed this lawsuit in the Broward County Circuit Court. The state court complaint named the same defendants and asserted the same state law claims at issue in the second federal lawsuit.

The defendants filed a motion for summary judgment, arguing that the investors were required to proceed with the state law claims in federal court—the forum the investors themselves had selected. The state circuit court determined: the federal district court's dismissal of the second federal lawsuit was a final judgment on the merits; the state court action was precluded because there was a basis for subject matter jurisdiction in the federal action which the investors did not pursue; the state court action arose out of the same transaction or series of transactions as the federal action; and "all the elements of the doctrine of res judicata are present." Therefore, the court granted the motion for summary judgment and entered judgment in favor of the defendants.

The investors appealed the court's judgment, challenging the court's application of the doctrine of res judicata.

### *Analysis*

We review the trial court's application of the doctrine of res judicata de novo. *Philip Morris USA, Inc. v. Douglas*, 110 So. 3d 419, 427 (Fla. 2013).

### a. *Governing Law*

First, we must determine whether state or federal preclusion principles apply. Generally, our case law instructs that when res judicata is asserted based upon a prior federal court judgment, we apply federal claim preclusion principles. *Dalbon v. Women's Specialty Retailing Grp.*, 674 So. 2d 799, 801 (Fla. 4th DCA 1996); *Andujar v. Nat'l Prop. & Cas. Underwriters*, 659 So. 2d 1214, 1216 (Fla. 4th DCA 1995). As explained below, we would state it differently if we were writing on a clean slate.

4

The Supreme Court of the United States "has the last word on the claim-preclusive effect of *all* federal judgments" and we must apply whatever "*federal rule that th[e] Court deem[s] appropriate.*" *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001) (emphasis in original). The Supreme Court has directed that we apply federal common law when analyzing the preclusive effect of a federal judgment. *Id.* at 508. However, "[t]hat federal common law determines the preclusive effect of an earlier [federal] judgment against a party . . . has likely caused confusion" in the federal case law and our own. *CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1337 (11th Cir. 2017).

The confusion that the Eleventh Circuit discussed in *General Mills* exists because "federal common law" is misunderstood and applied inconsistently. Our case law is correct that we apply federal common law when addressing the preclusive impact of a federal court's judgment. However, our case law after *Semtek* does not distinguish between the judgments of a federal court when exercising its federal question jurisdiction and judgments of a federal court when exercising its diversity jurisdiction over the plaintiff's claims. We uniformly apply a preclusion standard that was borrowed from the federal courts. Consequently, we have confused the law that *Semtek* compels us to follow.

Based upon *Semtek*, "federal common law" applies when determining the preclusive impact of a prior federal judgment. However, "the federal common law contains different rules of claim preclusion that change depending on the form of jurisdiction exercised by the federal court that rendered the underlying judgment." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, No. 16-0401, 2017 WL 2537018, at *9 (W. Va. June 8, 2017).

When a federal court enters a judgment exercising its federal question jurisdiction, federal preclusion principles apply. *Heck v. Humphrey*, 512 U.S. 477, 488 n.9 (1994). However, when a federal court enters a judgment exercising its diversity jurisdiction, the federal common law borrows from the state law where the action is pending. *Semtek*, 531 U.S. at 508. In other words, when analyzing the preclusive effect of a judgment issued by a federal court exercising its diversity jurisdiction courts apply federal common law which, in that instance, requires application of the forum state's law. *Id.*; *see also Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek*, 531 U.S. at 508) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits.").

5

Thus, this court's prior decisions looked to the federal preclusion standard when we could, in fact we should, have looked to our own. Because we need not cede our state laws and rules to the federal system when not compelled to do so, in the appropriate case—one where the correct application of *Semtek* impacts the result—we may need to determine whether our language should be refined to more accurately reflect the Supreme Court's holding. However, as explained below, this is not that case. In this case, we will apply federal common law principles as directed by *Semtek* except when our case law issued after *Semtek* compels us to do otherwise. *In re Rule 9.331*, 416 So. 2d 1127, 1128 (Fla. 1982) ("[A] three-judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law."); *see also* Bryan A. Garner, The Law of Judicial Precedent 303 (2016) ("With an intermediate appellate court, an earlier horizontal precedent nearly always rules.").

### b. Res Judicata Generally

Res judicata is a term applied to various forms of preclusion. *See generally* 18 Charles Alan Wright et al., Federal Practice and Procedure § 4402 (2d ed. 2002). It is also a term that is applied inconsistently. *See Douglas*, 110 So. 3d at 433, 437; *see also R.J. Reynolds Tobacco Co. v. Marotta*, 214 So. 3d 590, 593 (Fla. 2017).

In modern times, the "preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." *Sturgell*, 553 U.S. at 892. More specifically, res judicata is now recognized as a general term for various different forms of preclusion including claim preclusion, and a separate category of defenses commonly referred to as issue preclusion, collateral estoppel, estoppel by judgment, and direct estoppel. *See id.* at 892 n.5; *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978); *see also R.J. Reynolds Tobacco Co. v. Brown*, 70 So. 3d 707, 715 (Fla. 4th DCA 2011); *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 525 (Fla. 4th DCA 2005).

When applying res judicata to a judgment of a federal court arising pursuant to the court's diversity jurisdiction, *Semtek* directs us to apply the "federal common law" which, in that instance, is the law of the forum state. Generally, in Florida, claim preclusion applies "if the subsequent claim satisfies the following four elements: '1) identity in the thing sued for; 2) identity of the cause of action; 3) identity of persons and parties of the action; and 4) identity of the quality in the person for or against whom the claim is made.'" *W & W Lumber of Palm Beach, Inc. v. Town & Country*

*Builders, Inc.*, 35 So. 3d 79, 83 (Fla. 4th DCA 2010) (quoting *Signo v. Fla. Farm Bureau Cas. Ins. Co.*, 454 So. 2d 3, 4 (Fla. 4th DCA 1984)).

However, as noted above, our case law after *Semtek* requires that we apply a slightly different test. *See, e.g.*, *Anderson v. Vanguard Car Rental USA Inc.*, 60 So. 3d 570, 572 (Fla. 4th DCA 2011) (recognizing the requirement to apply the "federal common law" but proceeding to apply a "federal" res judicata test). In this case, we reach the same result regardless of whether "federal common law" looks to state or federal law for purposes res judicata. Therefore, we apply the test set forth in our earlier cases from which this panel is bound.

As such, we apply res judicata, or claim preclusion, to the judgment of a federal court when "(1) there has been a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) in a case with identical parties, (4) on the same cause of action." *Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1065–66 (Fla. 4th DCA 2015) (quoting *Anderson*, 60 So. 3d at 572).[1]

### *c. Res Judicata Applied to the Investors' Complaint*

Of the four parts of the test we set forth in *Aronowitz*, it is the first part that we focus on in this case. The second, third, and fourth parts of the test are unquestionably satisfied, as the lawsuits involved the same parties, the same causes of action, and a court of competent jurisdiction. Therefore, we analyze only the first part of the test which requires us to determine whether there was a final judgment on the merits.

The investors argue that the federal district court's dismissal of their second federal lawsuit was not an adjudication on the merits. They argue that this Court "has, without exception, held that dismissals not involving

---

[1] As noted, in this case the investors' complaint in the second federal lawsuit invoked the court's federal question jurisdiction over the federal claims and both diversity jurisdiction and supplemental jurisdiction over their remaining claims. However, in his report and recommendation the magistrate judge declined to exercise supplemental jurisdiction over the state law claims and, therefore, presumably overlooked the fact that the investors had asserted diversity jurisdiction. In this case we are following our case law which applies the same test for res judicata regardless of whether the federal court was exercising its supplemental or diversity jurisdiction over the state law claims. Therefore, we need not determine whether the federal court was exercising its diversity jurisdiction, as pled by the investors, or its supplemental jurisdiction, as indicated in the magistrate judge's report and recommendation.

an adjudication of the merits by a federal court, regardless of whether they are effected voluntarily by the plaintiff, or involuntarily by the court, or some combination of the two, do not preclude the subsequent litigation of those claims in a Florida court." We disagree.

In *Anderson,* a pro se plaintiff filed a complaint in federal court asserting both federal and state claims. 60 So. 3d at 572. Unlike in this case where the federal complaint specifically invoked the district court's diversity jurisdiction, the plaintiff relied exclusively on the federal court's supplemental jurisdiction over the state law claims. *Id.* However, he voluntarily dismissed the state law claims prior to the federal court ruling on them. *Id.* We determined that res judicata did not bar his claims because the federal and state claims arose under a different sovereign and the state claims were dismissed prior to the adjudication of any claims. *Id.* at 573. We focused on the voluntary dismissal and held that "Anderson's voluntary dismissal of his state law claims in federal court does not bar adjudication of those claims in a Florida state court." *Id.*[2]

The investors argue that the pro se plaintiff in *Anderson* could have brought his claims in federal court under both diversity and supplemental jurisdiction. Therefore, according to the investors, the cases are indistinguishable. But *Anderson* does not state that the plaintiff could have invoked the federal court's diversity jurisdiction and the record reflects that the he only invoked the federal court's supplemental jurisdiction over his state law claims.

Here, the investors did not voluntarily dismiss their state law claims. While the magistrate judge's recommendation was to dismiss the federal lawsuit and to decline exercising supplemental jurisdiction over the state claims, the investors had not relied exclusively on supplemental

---

[2] Our holding in *Anderson* was based upon the specific facts of that case. In certain circumstances, res judicata applies to a state claim asserted after the entry of judgment by a federal court exercising its supplemental jurisdiction. *See generally* Restatement (Second) of Judgments § 25 (1982) ("Even if diversity of citizenship between the parties did not exist, the federal court would have had 'pendent' jurisdiction to entertain the state theory. Therefore unless it is clear that the federal court would have declined as a matter of discretion to exercise that jurisdiction (for example, because the federal claim, though substantial, was dismissed in advance of trial), the state action is barred."). Res judicata applies in those circumstances because "the doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case." *Fla. Dept. of Transp. v. Juliano,* 801 So. 2d 101, 105 (Fla. 2001).

jurisdiction in bringing those claims. Instead, the investors had relied upon both supplemental jurisdiction and diversity jurisdiction. The magistrate judge may have overlooked that fact because the investors did not address the issue in their briefs in response to the defendants' motion to dismiss in the federal court. *Phila. Fin. Mgmt. of S.F.,* 2013 WL 12080186, at *5.

The investors sought reconsideration after the district court adopted the magistrate judge's report and recommendation, but again failed to note that their complaint had asserted diversity jurisdiction. And, while they appealed the district court's order, they did not raise the issue on appeal, either. In fact, the Eleventh Circuit addressed the state claims in its opinion noting that "[i]n their appellate brief, the plaintiffs do not challenge the dismissal of the state-laws claims or the denial of their Rule 59(e) motion. As such, we consider these issues abandoned." *Phila. Fin. Mgmt. of S.F.,* 572 F. App'x at 718 n.3.

The investors clearly knew of the existence of diversity jurisdiction, as they themselves asserted it in their complaint. Yet they abandoned it in opposition to the defendant's motion to dismiss and on appeal. Therefore, in this state court proceeding, the circuit court appropriately relied upon *Kale v. Combined Insurance Co. of America,* 924 F.2d 1161 (1st Cir. 1991), in its order dismissing the case based upon res judicata.

In *Kale,* the court framed the issue as follows:

> [W]hen a state-law claim, originally brought pendent to a federal claim, is dismissed without prejudice for want of subject matter jurisdiction following rejection of the joined federal claim on the merits, under circumstances where the plaintiff could have asserted an alternative jurisdictional basis but did not, and the plaintiff thereafter brings a new suit against the same defendant which includes the pendent state-law claim as well as other state-law claims which could have been pleaded in the initial suit; *quaere*: are the state-law claims in the second suit precluded by the original adjudication?

*Id.* at 1165. Finding the plaintiff's federal and state claims arose from the same cause of action, the court held that "unless res judicata is to be robbed of its doctrinal significance, [the plaintiff] had an obligation to cluster his theories of recovery in [the first federal action], by whatever necessary jurisdictional means, or else forever hold his peace." *Id.* at 1166.

9

*Kale* cited to *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir. 1988). In *Shaver*, the federal court granted summary judgment to the defendant on the plaintiff's federal claims and dismissed the plaintiff's state claims for lack of pendent jurisdiction. The plaintiff knew diversity jurisdiction existed, yet made no effort to pursue his state law claims in the federal court after they were dismissed. The Seventh Circuit found the plaintiff's state law claims were thereafter barred by the doctrine of res judicata. The Seventh Circuit held that "[b]ecause Shaver neglected to assert the existence of diversity jurisdiction in his prior action in order to pursue his breach of contract claims, both the strict test of and the policy behind the res judicata doctrine bars the present action." *Shaver*, 840 F.2d at 1367–68.

More recently, the Eleventh Circuit addressed a similar situation. In *Shurick v. Boeing Co.*, 623 F.3d 1114 (11th Cir. 2010), the plaintiff filed a *qui tam* lawsuit in federal court and a complaint in state court asserting violations of the Florida Whistleblower Act. The defendant removed the whistleblower action to federal court based upon the federal court's diversity jurisdiction and the two cases proceeded separately in federal court. In 2008, the federal court dismissed the *qui tam* action with prejudice and the dismissal was affirmed on appeal. *Id.* at 1116 (citing *United States ex rel. Shurick v. Boeing Co.*, 330 F. App'x 781 (11th Cir. 2009)). Later, in 2010, the federal court granted summary judgment in the whistleblower action in favor of the defendant. *Id.* The plaintiff appealed and the Eleventh Circuit *sua sponte* ordered supplemental briefing regarding the preclusive impact of the dismissal of the *qui tam* action. *Id.* The court rejected the plaintiff's argument that he filed his lawsuits in different courts, and also the plaintiff's argument that the claims arose under different sovereigns. *Id.* at 1117. The court determined that the federal claim and state claim arose from the same nucleus of operative facts and, therefore, the 2008 dismissal of the federal claim required dismissal of the state claim. *Id.* at 1118.

Here, when the investors filed their second federal lawsuit asserting federal claims and state claims arising from the same cause of action, they invoked the federal court's diversity jurisdiction over the state law claims. When the federal court dismissed the claims, the investors chose not to appeal the dismissal of the state claims nor otherwise challenge the dismissal. They cannot now proceed on those claims in state court.

10

### *Conclusion*

In their second federal action the investors invoked the federal court's diversity jurisdiction over their state law claims which arose under the same nucleus of operative facts as their federal claims. However, facing dismissal of their state law claims for lack of supplemental jurisdiction, the investors failed to defend their claims in federal court by advising the court that they had invoked the court's diversity jurisdiction. They failed to raise the issue in their motion for reconsideration of the judgment entered against them, and failed to address the claims on appeal to the Eleventh Circuit. These actions led the Eleventh Circuit to conclude that the investors' state law claims were abandoned.

The investors then proceeded to file the identical state law claims against the same parties in state court. A party cannot sit idly and watch a court of competent jurisdiction decline to hear a dispute, and later try to assert the same claims in a different forum. The district court's judgment against them, affirmed by the Eleventh Circuit, precluded the investors from proceeding with the same claims in state court. Therefore, the circuit court applied res judicata correctly, and the court's final summary judgment is affirmed.

*Affirmed.*

GROSS and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

11