[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14380
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80378-BSS


ROBERT DESISTO,

                                                          Plaintiff-Appellant,

versus

CITY OF DELRAY BEACH,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____


(July 10, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Robert DeSisto appeals from the magistrate judge's[1] dismissal with prejudice of his complaint under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (§ 504), alleging disability discrimination against his former employer, the City of Delray Beach, based on his constructive discharge following imposition of a new job requirement.  DeSisto previously prevailed in a Florida Civil Rights Act, Fla. Stat. § 760.01 (FCRA), action in Florida state court, alleging disability discrimination against Delray Beach based on the same underlying constructive discharge (the Prior Action).

DeSisto asserts the magistrate judge erred in granting Delray Beach's motion to dismiss on *res judicata* grounds, because: (1) pursuant to *Andujar v. National Property Casualty Underwriters, Inc.*, 659 So. 2d 1214 (Fla. 4th DCA 1995), the current cause of action is not identical to the Prior Action; (2) Delray Beach has appealed the Prior Action; (3) Florida *res judicata* law only applies to state court losers; (4) pursuant to *Andujar*, a federal court was not a court of competent jurisdiction for the FCRA claim; (5) the magistrate judge did not have access to the entire record of the Prior Action when applying *res judicata* principles and inappropriately addressed *res judicata* in a motion to dismiss rather than a motion for summary judgment; and (6) his claim was not barred by the doctrine against splitting causes of action.

---

[1] Both parties consented to proceed before a magistrate judge.

2

"[W]hen a federal court exercises federal question jurisdiction and is asked to give *res judicata* effect to a state court judgment, it must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985) (quotations omitted). "Under Florida law, *res judicata* applies where there is:  (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made; and (5) the original claim was disposed on the merits." *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1074 (11th Cir. 2013) (alteration in original).  The parties do not dispute elements one, three, and four of the test. The Prior Action and Instant Action had the same prayers for relief, and the two cases involved the same parties in their same capacities.

DeSisto challenges elements two and five: "identity of the causes of actions" and the requirement the original claim be disposed on the merits.  First, the federal and state claims involved the same causes of action.  His prior FCRA claim and current § 504 claim rise out of the same essential facts, even though they may not have exactly the same elements.  *See Saboff v. St. John's River Water Mgmt Dist.*, 200 F.3d 1356, 1360 (11th Cir. 2000) ("Florida law defines identity of causes of action as causes sharing similarity of facts essential to both actions.").  In addition,

3

his reliance on *Andujar*[2] for this element is misplaced, because *Andujar* analyzed the different causes of action under federal *res judicata* law rather than Florida law. *See Andujar*, 659 So. 2d at 1216. Furthermore, *Andujar* acknowledged the same facts would sustain both causes of action, which is the test for identity under Florida *res judicata* law. *See Lozman*, 713 F.3d at 1074-75; *Andujar*, 659 So. 2d at 1216. Second, the Prior Action was resolved on the merits, as the jury reached a verdict on the sole claim and the state court entered a judgment. *See Lozman*, 713 F.3d at 1074. Delray Beach's appeal does not affect the fact the state court decided the Prior Action on the merits, because the decision is a bar so long as it remains unreversed. *See Fla. Dep't of Trans. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) ("[A] judgment rendered by a court of competent jurisdiction, on the merits, is a bar to any future suit between the same parties or their privies upon the same cause of action, so long as it remains unreversed." (quotations omitted)).

---

[2] In *Andujar*, Florida's Fourth District Court of Appeal addressed whether an employer's victory in a federal employment discrimination action barred the employee's state law claim for discrimination. 659 So. 2d at 1215. Applying federal *res judicata* law, the court held the federal gender discrimination cause of action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), was different than the Florida state civil rights cause of action and the federal court was not a court of competent jurisdiction for a state civil rights claim because a federal court only had "pendent jurisdiction" over state law claims. *Id*. at 1216-18. The court recognized "the same evidence would probably sustain both of the statutory causes of action," but did not understand the causes of action to be identical merely because the same evidence would establish each one. *Id*. at 1216. The court concluded claims must arise under the same sovereign's laws in order to be identical for *res judicata* purposes. *Id*.

In addition, DeSisto points to no authority to support his argument that Florida *res judicata* law only applies to state court judgment losers.  Florida *res judicata* law does not distinguish between winners and losers, and is simply concerned with finality and an end to litigation.  *See Lozman*, 713 F.3d at 1074; *Juliano*, 801 So. 2d at 105.

DeSisto's argument that *Andujar* holds a federal court is not one of competent jurisdiction over state law claims also fails, because DeSisto filed the Prior Action in Florida state court, which did have jurisdiction over a § 504 claim.  *See Tafflin v. Levitt*, 493 U.S. 455, 458-60 (1990) (explaining state courts have the inherent authority to adjudicate claims arising under the laws of the United States, and presumptively have jurisdiction over federal questions unless Congress divests them of that jurisdiction).

DeSisto is incorrect in characterizing the magistrate judge's discussion of the doctrine against splitting causes as an alternative ground for dismissal.  The doctrine against splitting causes is not a separate ground for dismissing a complaint but rather an aspect of *res judicata*.  *See Froman v. Kirland*, 753 So. 2d 114, 116 (Fla. 4th DCA 1999) (stating the rule against splitting causes of action is "an aspect of the doctrine of *res judicata*").  Nevertheless, this rule applies to DeSisto's § 504 claim, because the Florida state court had jurisdiction over a potential § 504 claim when he filed his FCRA claim. *See Tafflin*, 493 U.S. at 458-60; *Aquatherm Indus.*

*v. Fla. Power & Light Co.*, 84 F.3d 1388, 1392 (11th Cir. 1996) ("It is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims.").

In addition, the magistrate judge appropriately considered the doctrine of *res judicata* as advanced in Delray Beach's motion to dismiss, because the court appropriately took judicial notice of the court documents in DeSisto's prior state action. *See Lozman*, 713 F.3d at 1076 n.9 (noting a district court may take judicial notice of court documents from a prior state action on a motion to dismiss). Looking at these outside documents did not convert the motion to a motion for summary judgment. Although DeSisto argues the record is incomplete, he does not identify any particular missing documents that are relevant or would change the analysis.

Accordingly, the magistrate judge did not err in dismissing the complaint as barred by *res judicata*. *See Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (reviewing *de novo* the district court's application of *res judicata*). Thus, we affirm.

**AFFIRMED.**

6