[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14013

_____

D.C. Docket No. 9:14-cv-80662-WPD

MATTHEW LADD,

                                        Plaintiff-Counter Defendant-Appellant,

versus

CITY OF WEST PALM BEACH,

                                        Defendant-Counter Claimant-Appellee,

CLIFF HAGAN,
in his individual capacity,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 6, 2017)

Before ED CARNES, Chief Judge, ANDERSON and PARKER,[*] Circuit Judges.

---

[*]    Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument in this case and have carefully reviewed the briefs, relevant parts of the record, and the applicable case law. For the reasons explored at oral argument, and summarized below, we conclude that the judgment of the district court should be affirmed. Because this opinion merely applies established law to the facts in a predictable manner, we write only for the benefit of the parties, who are of course familiar with the relevant facts and legal principles. We address plaintiff's several claims in order—beginning with his challenge to the district court's ruling that res judicata bars his several claims against the City.

When a federal court is asked to give res judicata effect to a prior state court judgment, as here, we "apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1509 (11th Cir. 1985) (internal quotation marks omitted). The City's res judicata argument relies on a prior Florida state court judgment that the City discriminatorily discharged plaintiff on the basis of a perceived disability in violation of the Florida Civil Rights Act ("FCRA") because they regarded him as suffering from PTSD. Thus, we apply Florida's res judicata principles.

2

Application of res judicata under Florida law requires four identities; the only one that is challenged here is the requirement that there be identity of the causes of action. The parties agree that, under Florida law, the identity of causes of action "is a question of whether the facts or evidence necessary to maintain the suit are the same in both actions." Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1074–75 (11th Cir. 2013) (internal quotation marks omitted); see also Brief of Appellant at 8–9 (quoting Lozman); Brief of Appellee-City at 8, 10–11 (citing DeSisto v. City of Delray Beach, 618 F. App'x 558, 559 (11th Cir. 2015) (applying res judicata where two claims "rise out of the same essential facts, even though they may not have exactly the same elements")).[1] We note that all of plaintiff's claims against the City—both the instant claims and the FCRA claim in the prior suit—arise out of the events following plaintiff's September 19, 2010, medical incident and the observations of appellee, Sgt. Hagan, whose assessment was that plaintiff should be examined for possible PTSD. With respect to his Rehabilitation Act claim, his ADA claim, and his USERRA claim, plaintiff's allegations in the

---

[1]   It is true that the parties differ somewhat with respect to their conception of how identical the facts and evidence must be to constitute the same facts and evidence—i.e., the same cause of action. However, the difference between them does not make a difference in our decision. Even under plaintiff's preferred construction—requiring a higher degree of identity—we conclude that plaintiff's causes of action under the Rehabilitation Act, ADA, and USERRA are the same.

instant suit assert that the City discriminated against him, regarding him as disabled with PTSD.[2]

We address first the district court's ruling that plaintiff's previously litigated FCRA claim involved the same cause of action as his Rehabilitation Act and ADA claims in this case. The essential elements of all of these claims are the same: plaintiff must prove that he (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability. Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007) (stating elements of an ADA claim); id. at 1263–64 ("Claims raised under the [FCRA] are analyzed under the same framework as the ADA."); Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000) ("Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases."). We conclude that the facts or evidence necessary to support any one of the three claims are the same. The same facts support all three claims—e.g., facts involving the September 19, 2010,

---

[2]    At the outset, we reject plaintiff's argument that, because of the Fed. R. Civ. P. 12(b)(6) posture of this case, the district court improperly took judicial notice of the prior state court proceedings. See Lozman, 713 F.3d at 1075 n.9 ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action." (citing Fed. R. Evid. 201(b))); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). We also reject, as wholly without merit, plaintiff's argument that res judicata applies only to bar a losing party. Finally, in light of our resolution of plaintiff's claims against the City, we need not address the issue concerning the doctrine against splitting a cause of action.

4

incident; Sgt. Hagan's observations and assessment of plaintiff during that incident; Sgt. Hagan's reporting thereof; the ensuing medical examinations of plaintiff; and the City's subsequent actions with respect to plaintiff. Thus, we conclude that—applying the res judicata law of Florida—the district court correctly held that the prior state court judgment operates as a res judicata bar to plaintiff's pursuit of his Rehabilitation Act and ADA claims in this case.[3]

We turn next to the district court's ruling that plaintiff's FCRA claim in the prior Florida suit constituted the same cause of action as his claim in the instant suit pursuant to USERRA. An employer violates USERRA where, inter alia, an employee's membership in the uniformed services is a "motivating factor" in an adverse employment action taken with respect to that employee. 38 U.S.C. § 4311(c)(1). Therefore, the facts and evidence necessary to maintain such a claim include the employee's past or current military service and the existence of an adverse employment decision by the employer which was motivated, at least in

---

[3]    We reject plaintiff's reliance on Andujar v. National Property & Casualty Underwriters, 659 So. 2d 1214 (Fla. Dist. Ct. App. 1995). As the Andujar court decision expressly stated, the court in that case was applying federal, not Florida, res judicata principles:

> We agree with defendant to the extent that federal claim preclusion law governs, rather than Florida's. Whenever res judicata is asserted, the court in the second forum is bound to give the former judgment the same preclusive effect that the rendering court would give it. Indeed that general principle is so well established as to need no further elucidation. The issue thus centers around the kind of effect that the federal courts would give this judgment.

Id. at 1217.

part, by the employee's military service. Although we could readily see that there probably are USERRA claims that could be asserted by a hypothetical plaintiff that would involve very different facts and evidence,[4] it is clear to us that the instant USERRA claim is based on the same facts and evidence as the prior state court claim—i.e., the fact that the City "regarded him as disabled due to a mistaken belief that he suffered a service connected disability (PTSD)." First Amended Complaint at ¶ 27(b). It is true that ¶ 27(a) of the Complaint alleges a violation of USERRA "because of his membership, service or obligation to perform service in the uniformed services." However, that allegation is merely a conclusory statement supported by no reference to historic fact that would provide plausible support for a claim that the City's adverse employment actions were motivated, at least in part, by plaintiff's military service.[5] Thus, we conclude that the only non-conclusory facts relating to plaintiff's military service are the same facts involved in plaintiff's

---

[4]    For example, a hypothetical USERRA claim might be supported by allegations that an employer discriminated against an employee because of the employee's obligation to attend National Guard training or field duty each summer, thus inconveniencing the employer. No such facts—or any other indication of animus on the part of the City against members of the uniformed services—exist in this case, either as evidence in the prior state court suit or as allegations in the instant complaint (and exhibits).

[5]    The only underlying facts which indicate plaintiff's involvement in the uniformed services are his statements to Sgt. Hagan that he had been under the care of the VA hospital to treat PTSD, see First Amended Complaint, Exh. 3, plaintiff's own acknowledgement to Dr. Silversmith that when he returned from Iraq and Afghanistan, he had undergone psychiatric evaluation, see id. at Exh. 2, and similar background evidence that plaintiff had served in the military.

6

claim that the City regarded plaintiff as disabled because he suffered from service-related PTSD—i.e., the claim made by plaintiff in the instant case (¶ 27(b)) and the claim made by plaintiff in the prior state suit. Accordingly, we conclude that the facts and evidence necessary to maintain both the USERRA claim and plaintiff's claim in the prior state suit are the same—i.e., that the causes of action are the same—and that the district court appropriately dismissed plaintiff's USERRA claim pursuant to res judicata.

We recognize that the district court applied a res judicata bar to dismiss plaintiff's claim under § 1983 and Buxton v. City of Plant City, Fla., 871 F.2d 1037 (11th Cir. 1989).  However, we affirm the district court's dismissal of this claim on a different ground, and we therefore decline to address the application of res judicata to bar plaintiff's § 1983 Buxton claim against the City.[6] We affirm the district court's dismissal of plaintiff's Buxton claim against the City because plaintiff failed to allege that there was an absence of adequate state remedies to cure the failure to provide a name-clearing hearing. In Cotton v. Jackson, 216 F.3d 1328 (11th Cir. 2000), in the same factual context as the instant plaintiff's claim of reputational damage, we held that the failure to provide a name-clearing hearing

---

[6]    Although we decline to address or decide the issue, we have some doubt about the district court's application of res judicata to bar plaintiff's § 1983 Buxton claim against the City. It seems likely that plaintiff has alleged different facts in support of the instant Buxton claim—e.g., facts relating to the stigmatizing nature of Sgt. Hagan's memo, the publication thereof, and the failure of the City to hold a name-clearing hearing—than were alleged in the FCRA context.

7

was in the nature of a claim for deprivation of procedural due process, and that "'only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.'" Id. at 1330–31 (quoting McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994).[7] It is also well established that not only administrative, but also state court, proceedings can constitute the adequate state remedies which satisfy due process. The fatal deficiency in plaintiff's § 1983 Buxton claim against the City is that he failed to allege that there was an absence of adequate state remedies. Accordingly, with respect to this claim against the City, we affirm the judgment of the district court on this ground, and decline to address the res judicata ground on which the district court relied.

Finally, we turn to plaintiff's only claim against Sgt. Hagan—the same § 1983 Buxton claim plaintiff also made against the City. The claim against Sgt.

---

[7]    Plaintiff's brief misreads Bussinger v. City of New Smyrna Beach, Fla., 50 F.3d 922 (11th Cir. 1995), as being inconsistent with Cotton. Plaintiff's error lay in overreading Bussinger's statement that the plaintiff's procedural due process claims were not foreclosed by McKinney, 20 F.3d at 1550. The Bussinger panel meant by this only that McKinney did not absolutely foreclose a procedural due process claim as it did in fact foreclose a substantive due process claim in the employment context. As is clear from the fact that the Bussinger panel remanded the case for further proceedings to determine the adequacy of state remedies, Bussinger is entirely consistent with Cotton's holding that a § 1983 Buxton procedural due process claim can prevail only if there is an inadequacy of state remedies. And Cotton's holding, of course, was mandated by McKinney.

Hagan fails for the same reason it failed against the City—i.e., plaintiff failed to allege that there was an absence of adequate state remedies.[8]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[8]     This claim against Sgt. Hagan is also doubtful because there are insufficient factual allegations about Sgt. Hagan's involvement in the City's decision to terminate plaintiff's employment, the City's decision to publish Sgt. Hagan's memo, and the City's decision to fail to give plaintiff a name-clearing hearing.

Moreover, there is no clearly established law that would have alerted Sgt. Hagan that communicating to his superiors all that he did about Ladd, including his opinion about whether Ladd suffered from PTSD, would subject him to liability for having violated the Constitution. Thus, Sgt. Hagan would clearly be entitled to qualified immunity. Accordingly, as an alternative holding, we conclude that the judgment of the district court with respect to plaintiff's claim against Sgt. Hagan is also due to be affirmed on the basis of qualified immunity.