# Supreme Court of Florida

---

No. SC2024-0099

---

**STEAK N SHAKE, INC.,**
Petitioner,

vs.

**WILFRED RAMOS, JR.,**
Respondent.

July 10, 2025

SASSO, J.

The Florida Civil Rights Act (FCRA) mandates that a claimant file a complaint with the Florida Commission on Human Relations containing "a short and plain statement of the facts describing the violation and the relief sought" before bringing a civil action under the FCRA. We must decide whether a claimant fulfills this necessary step to exhaust administrative remedies when he specifically references only federal law in a charge of discrimination dual filed with the federal Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human

Relations.  The Second and Fourth District Courts of Appeal reached opposite conclusions on this issue, and the Second District certified conflict.[1]  As explained below, we answer that question in the affirmative and hold a claimant need not specifically allege he is seeking relief under the FCRA to exhaust administrative remedies.

**I**

**A**

The Florida Civil Rights Act of 1992 is codified at sections 760.01-.11 and 509.092, Florida Statutes (2024).  The FCRA serves to "secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."  § 760.01(2), Fla. Stat.  The FCRA created the Florida Commission on Human Relations (Commission), which is empowered "[t]o receive, initiate, investigate, seek to conciliate, hold hearings on, and act upon complaints alleging any discriminatory practice."  §§ 760.03(1), .06(5), Fla. Stat.  Pursuant to this authority, the Commission is obligated both to attempt to eliminate or correct the alleged

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const.

discrimination by "informal methods of conference, conciliation, and persuasion" and to investigate alleged discriminatory practices. § 760.11(3), (11), Fla. Stat.

To facilitate the Commission's investigation, the FCRA provides an administrative procedure for filing civil rights complaints:

> Any person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with the commission within 365 days of the alleged violation, naming the employer, employment agency, labor organization, or joint labor-management committee, or, in the case of an alleged violation of s. 760.10(5), the person responsible for the violation and describing the violation.

§ 760.11(1), Fla. Stat. "The complaint shall contain a short and plain statement of the facts describing the violation and the relief sought." *Id.* This Court has explained that the statutory requirement of filing a complaint with the Commission is a "prerequisite to bringing a civil action based upon an alleged violation of the FCRA." *Woodham v. Blue Cross & Blue Shield of Fla., Inc.,* 829 So. 2d 891, 894 (Fla. 2002). In other words, failure to exhaust the FCRA's administrative requirements precludes a party from bringing a civil action under the FCRA.

- 3 -

Even so, the FCRA allows that "[i]n lieu of filing the complaint with the commission, a complaint under this section may be filed with the federal Equal Employment Opportunity Commission or with any unit of government of the state which is a fair-employment-practice agency under 29 C.F.R. ss. 1601.70-1601.80." § 760.11(1), Fla. Stat. Accordingly, the Commission and the EEOC have entered into worksharing agreements.

**B**

Steak N Shake hired Wilfred Ramos, Jr., as a grill operator. During his employment, Ramos alleges he sustained a back injury in an off-the-job car accident. After this injury, Steak N Shake allegedly reduced Ramos's work schedule, ultimately terminating Ramos from his job. Ramos claims Steak N Shake took these actions in retaliation for his disability and requests for accommodations.

The specifics of Ramos's termination are not at issue in this appeal. What is at issue is whether Ramos satisfied the statutory prerequisite to invoking the FCRA's protections in a civil action against Steak N Shake, thereby exhausting his administrative remedies.

Ramos did not file a complaint directly with the Commission. Instead, Ramos filed a charge of discrimination with the EEOC. In the "Discrimination Based On" section of the form, Ramos marked "Retaliation" and "Disability." In the "Particulars" section, Ramos described the alleged retaliation and wrote: "I believe that I have been discriminated on the basis of my disability and/or perceived disability and by retaliation for my request for reasonable accommodation in violation of the Americans with Disabilities Act of 1991, as amended." The form also included the following prepared statement: "I want this charge filed with both the EEOC and the State or local Agency, if any." Ramos's charge of discrimination did not specifically reference the FCRA.

On April 10, 2018, the EEOC forwarded the charge to the Commission with the following notation: "Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC." Following an investigation, the EEOC dismissed the charge and sent Ramos a "Dismissal and Notice of Rights."

Ramos then filed a two-count complaint in the trial court, asserting discrimination and retaliation in violation of the FCRA. In response, Steak N Shake filed a motion for final summary

judgment, arguing that the undisputed evidence demonstrated Ramos failed to allege any FCRA claims in his charge and therefore did not exhaust his administrative remedies under the FCRA. Ultimately, the trial court granted summary judgment for Steak N Shake. In doing so, it concluded that (1) "[t]he undisputed facts in the record demonstrate that Plaintiff failed to allege claims under the Florida Civil Rights Act in his Charge of Discrimination and therefore has not properly exhausted his administrative remedies" and (2) "Plaintiff's failure to exhaust his administrative remedies cannot be cured at this juncture, as the time for filing or amending his administrative claims has expired."

On appeal, the Second District reversed and held that "Ramos was not required to specifically allege in his charge of discrimination that his claims were under the FCRA." *Ramos v. Steak N Shake, Inc.*, 376 So. 3d 100, 104 (Fla. 2d DCA 2023). The Second District observed that "[u]nder Florida's workshare agreement, the EEOC and the Commission each designate the other as an agent for the purposes of receiving and drafting charges, thus allowing an aggrieved party to elect to dual file a charge of

discrimination with both agencies." *Id.* at 103.  The Second District

then concluded that:

> [I]n finding that Ramos failed to exhaust his
> administrative remedies by failing to specifically allege in
> his charge of discrimination that his claims were under
> the FCRA, the trial court added a requirement that is not
> found anywhere within the statute and contravenes the
> legislature's clear intent that the statute be interpreted
> liberally.

*Id.* at 104.  In so doing, the Second District certified conflict with

the Fourth District's decision in *Belony v. North Broward Hospital*

*District*, 374 So. 3d 5 (Fla. 4th DCA 2023).  *Belony* held that:

> Merely asserting a violation of federal law in a charge of
> discrimination and dually filing the charge with the
> [Commission] is insufficient to satisfy the statute's
> requirements because "a cause of action founded on a
> federal statute is not the same cause of action as one
> founded on a state statute, even where both statutes
> apply to the same transaction or occurrence."

*Id.* at 7 (quoting *Andujar v. Nat'l Prop. & Cas. Underwriters*, 659 So.

2d 1214, 1216 (Fla. 4th DCA 1995)).

## II

Steak N Shake argues that Ramos failed to exhaust

administrative remedies as required by the FCRA.  Specifically,

Steak N Shake asserts that when a claimant alleges a violation of

federal law in a complaint that is dual filed with the EEOC and the

Commission, he must also specifically allege a violation of the FCRA.  Because Ramos failed to do so, Steak N Shake argues that he is precluded from pursuing a civil action under the FCRA.

Steak N Shake's argument presents an issue of statutory interpretation which we review de novo.  *Ripple v. CBS Corp.*, 385 So. 3d 1021, 1027 (Fla. 2024) (citing *Levy v. Levy*, 326 So. 3d 678, 681 (Fla. 2021)).  So, as always, we begin with the text.  But this is where our analysis departs from Steak N Shake's because we discern no statutory requirement that a party specifically identify the FCRA, even if he only alleges a violation of federal law and dual files that complaint with both the EEOC and the Commission.

Steak N Shake stakes its claim on section 760.11(1)'s requirement that the complaint contain a "short and plain statement of the facts describing the violation and the relief sought."  § 760.11(1), Fla. Stat.  Steak N Shake posits that "the relief sought" means a complaint must specifically identify the FCRA.

For several reasons, we cannot agree with Steak N Shake that section 760.11(1)'s reference to the "relief sought" carries with it a requirement that a plaintiff explicitly state the law violated.  First,

Steak N Shake's preferred definition of relief is not consistent with the ordinary meaning of the term. In the legal context, as the term is used here, "relief" is defined as the "[r]edress awarded by a court." *American Heritage Dictionary of the English Language* 1524 (3d ed. 1992); *see also Relief, Oxford English Dictionary* vol. XIII 565 (2d ed. 1989) ("Deliverance (esp. in *Law*) from some hardship, burden, or grievance; remedy, redress."); *Relief, Webster's Ninth New Collegiate Dictionary* 995 (1990) ("legal remedy or redress"); *Relief, Black's Law Dictionary* 1292 (6th ed. 1990) ("Deliverance from oppression, wrong, or injustice. In this sense it is used as a general designation of the assistance, redress, or benefit which a complainant seeks at the hands of a court, particularly in equity.").

Second, the ordinary meaning of relief, one that describes the remedy sought for a violation of the FCRA, allows the rest of section 760.11 to logically flow. The word "relief" is used seven more times in section 760.11, each time carrying with it the connotation of a remedy rather than the specific law violated. *See, e.g.,* § 760.11(13), Fla. Stat. ("the court shall remand the matter to the commission for appropriate relief"); § 760.11(7), Fla. Stat. ("accept the affirmative relief offered by the commission"); § 760.11(6), Fla.

Stat. ("providing affirmative relief from the effects of the practice, including back pay"). So, this textual clue cuts against Steak N Shake's argument too.

Third, there is nothing about the structure or operation of section 760.11 that suggests an alternative definition applies. Steak N Shake argues that because section 760.11 also refers to a complaint "under this section," that language suggests a plaintiff must specifically identify the FCRA. But the argument demands a level of specificity that the statute does not. Section 760.11(1) lists what must be in a complaint. The first requirement is "a short and plain statement of the facts describing the violation and the relief sought." § 760.11(1), Fla. Stat. Next, the legislature gives the Commission room to impose additional requirements. *Id.* ("The commission may require additional information to be in the complaint."). And for those additional requirements we turn to the Florida Administrative Code. But that only further undercuts Steak N Shake's argument.

When Ramos filed his charge of discrimination in 2017, the Florida Administrative Code provided the following guidance for complaints filed with the Commission:

(a) The complaint should contain the following information:

1. The name, address and telephone number of the person filing the complaint;

2. The name, address and telephone number of the respondent;

3. A clear and concise statement of the facts, including pertinent dates, constituting the unlawful employment practice;

4. If known, the approximate number of employees of a respondent employer;

5. If known, a statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a Federal, State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

(b) Notwithstanding the provision of paragraph (a) of this subsection, a complaint is sufficient if it is in writing, signed by the Complainant, verified, and is sufficiently precise to identify the parties and to describe generally the action or practice complained of.

Fla. Admin. Code R. 60Y-5.001(6). In addition, this subtitle of the Florida Administrative Code provided that "complaint" "means a written statement which alleges the occurrence of an unlawful employment practice, and includes an amended complaint."

*Id.* R. 60Y-3.001(4).[2]  Again, nowhere was there a requirement that a complainant list the specific law violated.

We reject Steak N Shake's arguments to the contrary.  Steak N Shake argues that applying the ordinary meaning of relief to the statute here would render the term redundant with "violation," which precedes the term relief in section 760.11(1).  But there is nothing redundant about a statute that both requires "a short and plain statement of the facts describing the violation," in other words the facts explaining the allegedly discriminatory practice, and the claimed redress for that practice.  Likewise, we reject Steak N Shake's argument that applying the ordinary meaning of relief to section 760.11 eradicates the distinction between federal and state employment discrimination claims.  Nothing about this interpretation means that the disposition of a state claim would dispose of a federal claim and vice versa, nor does this

---

2.  This definition was amended in 2022.  Currently, this subtitle defines "complaint" as "a written statement which alleges the occurrence of an unlawful employment practice, which is signed and verified by the complainant and includes an amended complaint."  Fla. Admin. Code R. 60Y-3.001(4).  Rule 60Y-5.001(6) remained unchanged.

interpretation undermine any procedural distinctions at the state and federal levels.

All in all, while we are careful to give full effect to all statutory provisions, we cannot go beyond the plain meaning and inject extra statutory requirements that the legislature did not enact. And here, there is simply no requirement that a complaint specifically reference the FCRA when it is dual filed, even if it only references federal law. We agree with the Second District that finding to the contrary would be "add[ing] a requirement that is not found anywhere within the statute." *Ramos*, 376 So. 3d at 104.[3]

### III

Because section 760.11(1) does not contain the requirement Steak N Shake advances, we approve the decision of the Second District in *Ramos* to the extent it holds that the aggrieved party is

---

3. We similarly reject Steak N Shake's argument that the Second District's decision was fundamentally flawed because it referenced a worksharing agreement that was absent from the record. Primarily, we reject this argument because the Second District's decision was a legal one based on statutory interpretation and there is no indication that the presence of the worksharing agreement affected that analysis. Even if it did, there was record evidence of a worksharing agreement in effect between the two agencies.

not required to identify the FCRA in a dual-filed complaint that specifically references federal law to exhaust administrative remedies. We disapprove the Fourth District's decision in *Belony* to the extent it holds to the contrary.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal
 Certified Direct Conflict of Decisions

 Second District - Case No. 2D2022-3465

 (Hillsborough County)

J. Robert McCormack and John C. Getty of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Tampa, Florida,

 for Petitioner

Ashley N. Richardson of Marie A. Mattox, P.A., Tallahassee, Florida,

 for Respondent